44848. JONES v. CITY OF ATLANTA.
(363 SE2d 254)

CLARKE, Presiding Justice.

This is a zoning case. The single issue on appeal is whether the appellant/landowner made a prima facie showing at trial that the existing zoning classification of his property causes him significant detriment unsubstantially related to the public health, safety, morality and welfare.

The landowner applied to the Atlanta City Council in 1982 to rezone the subject parcel from R-3, single-family residential, to O-I, office-institutional; the council denied his application. The landowner dismissed his subsequent lawsuit to rezone. In 1986 the landowner sought for a second time to rezone this property from R-3 to O-I and was again unsuccessful. He then filed suit to declare the existing R-3 zoning unconstitutional as applied to his property. At trial after the landowner had presented his evidence, the trial court granted the city

of Atlanta's motion to dismiss pursuant to OCGA § 9-11-41 (b). The landowner appeals the order granting the motion. We affirm the trial court's decision, and in doing so, we reiterate and clarify the steps required to prove a "taking," an unconstitutional deprivation, set forth in *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 471 (349 SE2d 707) (1986).

The property measures .8277 acres and consists of two adjacent lots fronting the northeast side of Northside Parkway between Rilman and Pine Stream Roads in the City of Atlanta. The property is currently undeveloped. All surrounding parcels bear single-family residential zoning and contain single-family homes, including the property immediately south of the subject tract which also fronts Northside Parkway. The various properties across Northside Parkway are also zoned R-3 and are currently developed as apartments for the elderly, a church, two schools and a non-profit organization, all permissible uses under the R-3 zoning classification.

The landowner acquired this property in 1979. Testimony showed that the tract appreciated in value from $24,000 in 1979 to between $50,000 and $90,000 at the time of trial. Obviously, the property has not depreciated in value, and no evidence indicated that the property has appreciated at a rate lower than other property similarly situated.

If the property were to be rezoned as office-institutional, it would be worth $200,000 to $250,000, according to the evidence. The only offers received for the tract have been conditioned on its being rezoned; however, the trial court correctly determined that receipt of offers for sale of real estate directly depends on such factors as the method of marketing the property and the asking price for the property. No evidence revealed that the property had ever been marketed at an asking price consistent with the established fair market value of the property as zoned. Merely showing a disparity between the fair market value of the property in question as zoned and its fair market value if rezoned is insufficient by itself to establish significant detriment. *Gradous*, supra.

A successful appellant must have suffered an unconstitutional deprivation or "taking" due to the zoning classification of his property. *Gradous*, supra. In determining whether the appellant has suffered an unconstitutional deprivation, we begin with the proposition that a zoning ordinance is presumptively valid. The challenger to the validity of the ordinance has the burden to present clear and convincing evidence that he has suffered a significant detriment which is unsubstantially related to the public health, safety, morality and welfare. Once the challenger meets this initial burden, the governing authority may justify the existing zoning as reasonably related to the public interest. *Gradous*, supra at 471; see also *Brown v. Dougherty*

*County*, 250 Ga. 658 (300 SE2d 509) (1983); *Flournoy v. City of Brunswick*, 248 Ga. 573 (285 SE2d 16) (1981); *DeKalb County v. Flynn*, 243 Ga. 679 (256 SE2d 362) (1979).

Recognizing that in previous opinions this court has used the words "detriment" and "deprivation" interchangeably, we take this opportunity to attach special meaning to these terms in the context of zoning cases. A challenger to the zoning statute must show he has suffered "significant detriment" which is "unsubstantially related to the public health, safety, morality or welfare." If the challenger satisfies this initial burden, then the governing authority offers evidence that the zoning classification is indeed in the public's interest. A balancing test is used by the court to decide the result. If the governing authority does not rebut the challenger's evidence, then an "unconstitutional deprivation," a "taking," has been shown. At this point the ordinance becomes void as confiscatory.

In this case the trial court determined that the landowner did not meet the challenger's burden of establishing significant detriment to himself; therefore, the city of Atlanta was not required to justify the existing zoning. Since the appellant failed to meet his initial burden, there was not a constitutional deprivation or a "taking."

On appeal, it is not the function of the appellate court to weigh the evidence, but to look instead to the trial record. Unless the findings are clearly erroneous, they should not be disturbed on appeal. *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 474 (349 SE2d 743) (1986). The trial court here was presented with conflicting evidence and balanced the evidence in favor of the City of Atlanta.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents, and Weltner, J., not participating.*

DECIDED JANUARY 6, 1988.

*Jones & Ludwick, Taylor W. Jones*, pro se.
*Robert L. Zoeckler*, for appellee.