538

## 45814. CHRISTIAN KNIGHTS OF THE KU KLUX KLAN et al. v. RICHMOND COUNTY.
### (371 SE2d 868)

MARSHALL, Chief Justice.

Richmond County and its sheriff obtained a "temporary injunction" against the appellant organization and its Grand Dragon, Robert R. Long, enjoining them from conducting a rally and mass gathering on property owned by Long in the county, scheduled for March 26, 1988. The county zoning ordinance required approval by the county's planning commission of such meetings on property zoned R-1 (which Long's was), as an exception to the zoning regulations. Such approval was not obtained in this case nor in any of the previous gatherings conducted on Long's property. The injunction was granted on March 23; on March 28, Long applied for an exception, which was later denied (from which no appeal was taken). We affirm.

1. " 'A constitutional attack on a zoning classification cannot be made for the first time in the superior court.' *DeKalb County v. Post Properties*, 245 Ga. 214, 217 (263 SE2d 905) (1980)." *McCamy v. DeKalb County*, 246 Ga. 293 (271 SE2d 214) (1980); *Turk v. State Hwy. Dept.*, 226 Ga. 245 (1) (174 SE2d 791) (1970). The appellants failed to raise the constitutional issue both before the governing authority and the superior court; therefore, it cannot be considered on appeal.

2.

On appeal, it is not the function of the appellate court to weigh the evidence, but to look instead to the trial record. Unless the findings are clearly erroneous, they should not be disturbed on appeal. *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 474 (349 SE2d 743) (1986).

*Jones v. City of Atlanta*, 257 Ga. 727, 729 (363 SE2d 254) (1988). Since the appellants do not dispute that they were in violation of the ordinance, we will not disturb the trial court's findings on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 1988.

*Robert L. Long, Jr.*, for appellants.
*Robert C. Daniel, Jr.*, for appellee.