A91A2015. ARMOUR v. DAVIDSON et al.
(416 SE2d 92)

POPE, Judge.

On February 9, 1988, plaintiff/appellant Alonzo S. Armour and his wife went to the City of Fayetteville (the "City") to register to vote. They originally went to a portion of City Hall where the voter registrar was not located. They were informed that they could not register there and would need to go to another building. Before plaintiff left that building, however, he had a heated argument with defendant/appellee John Davidson, the director of the water and sewer department for the City. The parties dispute the degree of physical contact associated with that altercation, but not that an altercation ensued.

Plaintiff and his wife then went to the proper place to register to vote and were in the process of registering when plaintiff was approached by two City policemen. The policemen arrested plaintiff, without a warrant, on the charge of simple battery against defendant John Davidson. A warrant was presented at the jail for his arrest approximately two hours later. While plaintiff was being booked and fingerprinted, he suffered a heart attack and required hospitalization for his condition. A grand jury considered the simple battery charge against plaintiff and returned a no bill.

Plaintiff brought this action against defendants Davidson and the City pursuant to 42 USC § 1983 contending that the acts of defendants denied plaintiff his statutory and constitutional rights. Defendants filed a motion for summary judgment, which the trial court granted. Plaintiff appeals the trial court's grant of summary judgment in favor of the City.

1. Plaintiff correctly contends the trial court erred in holding that plaintiff's action against the City is barred by plaintiff's failure to give ante litem notice pursuant to OCGA § 36-33-5. The notice provisions of that statute do not apply to actions filed pursuant to 42 USC § 1983. *City of Atlanta v. J. A. Jones Constr. Co.*, 195 Ga. App. 72, 78 (6) (392 SE2d 564), rev'd on other grounds, 260 Ga. 658 (398 SE2d 369) (1990), cert. denied, __ U. S. __ (111 SC 2042, 114 LE2d 126) (1991).

2. We conclude, however, that the trial court correctly granted summary judgment to the City on the basis of sovereign immunity. In *Pembaur v. Cincinnati*, 475 U. S. 469, 480-483 (106 SC 1292, 89 LE2d 452) (1986), the Supreme Court set forth a three-part test for determining when the acts of a municipal officer subjects a municipality to liability under Section 1983: (1) the municipality officially sanctioned or ordered the act; (2) the actor was a municipal officer with final policy authority; or (3) the action was taken pursuant to a policy adopted by officials responsible under state law for making policy in that area. If none of these theories is satisfied, the municipality may not be held liable pursuant to Section 1983.

While plaintiff's allegations against the City are vague, it appears that plaintiff alleges the City sanctioned the actions of the police officer making his arrest. In support of its motion for summary judgment, the City submitted the affidavit of its City Manager which stated inter alia that "the City of Fayetteville has adopted a policy for its Police Department based upon the Fourth Amendment to the United States Constitution arrest and detention standard, which provides that no person shall be arrested without a warrant unless the officer has probable cause to believe a criminal offense occurred within his presence or otherwise falls within an exception prescribed by law. This policy is made known to all police officers who are trained in said policy and expected to abide therewith." In response to the defendants' motion for summary judgment, plaintiff stated in his affidavit that "it is the policy, custom, usage and regulation of the City of Fayetteville, Georgia, that when a person is arrested without a warrant for their arrest that they are immediately taken to the City Jail of the City of Fayetteville, Georgia and held there awaiting the issuance of an arrest warrant."

Essentially, plaintiff argues that it is the custom of the City to allow for warrantless arrest and then to detain the arrestee for a period of time until a warrant can be obtained. To meet its burden of showing such a policy, when the municipality has moved for summary judgment on the basis that the City had no such custom or policy, the plaintiff must allege a "series of incidents of unconstitutional conduct suggesting 'the existence of a widespread practice that . . . constitute[s] a "custom or usage" with the force of law.' [Cits.]" *Jacobs v. Paynter*, 727 FSupp. 1212, 1216 (N. D. Ill. 1989) (quoting *City of St. Louis v. Praprotnik*, 485 U. S. 112 (108 SC 915, 926, 99 LE2d 107) (1988)). The allegations in plaintiff's affidavit only allege proof of a single incident of errant behavior, which cannot constitute a sufficient basis for imposing liability on the City. *Merritt v. County of Los Angeles*, 875 F2d 765, 770 (9th Cir. 1989); *Tokuhama v. City & County of Honolulu*, 751 FSupp. 1385 (10) (D. Hawaii 1989). The City may not be held liable for the negligent acts of a police officer. See OCGA

§ 36-33-3; *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 24, 1992 —
RECONSIDERATION DENIED FEBRUARY 20, 1992 —

*John L. Watson, Jr.,* for appellant.
*Mullins, Whalen & Shepherd, Andrew J. Whalen, III, Oliver, Duckworth, Sparger & Winkle, David P. Winkle,* for appellees.