S91A1309, S91A1311. COBB COUNTY et al. v. McCOLISTER
(two cases).
(413 SE2d 441)

BENHAM, Justice.

Following the trial court's award under 42 USC § 1983[1] of $18,741 in attorney fees, expenses of litigation and costs to appellee in a zoning case, appellants filed both a direct appeal and an application for discretionary review, which we granted. Appellants' direct appeal (S91A1309) is dismissed because judgments in zoning cases are not directly appealable (*Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989)), and we address the merits of the appeal brought pursuant to the grant of discretionary review (S91A1311).

After the Cobb County Board of Commissioners denied appellee's February 1989 application to rezone his property from single-family residential to general commercial, appellee filed suit seeking a declaration that the existing zoning on his property was unconstitutional and damages pursuant to 42 USC § 1983. The trial court declared the zoning unconstitutional, and this court affirmed the decision without opinion. *Cobb County v. McColister*, 259 Ga. XXX. After this court denied the county's motion for reconsideration, the Cobb County Board of Commissioners rezoned appellee's property to office and institutional on January 9, 1990. The trial court ruled that the new zoning, though not the zoning appellee had sought, was constitutional. In August 1990, appellee filed a motion seeking attorney fees, costs and expenses of litigation under 42 USC § 1983 for the taking of his property which he contended occurred in the period of time between the filing of his application for rezoning in February 1989 and the rezoning of his property in January 1990. Citing *First English Evangelical Lutheran Church v. Los Angeles*, 482 U. S. 304 (107 SC 2378, 96 LE2d 250) (1987), the trial court made the award to

---

[1] 42 USC § 1983 provides a federal remedy in damages when a person, acting under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 USC § 1988 authorizes a trial court, in the exercise of its discretion, to award reasonable attorney fees to the prevailing party in an action to enforce 42 USC § 1983. We pretermit any discussion as to whether appellee was a "prevailing party" under 42 USC § 1988.

appellee after finding that appellants' actions between February 1989 and January 1990 were done under color of state law, resulted in a total temporary taking of appellee's property, and constituted an unconstitutional taking of appellee's property without just compensation.

In *First English*, supra at 318, the United States Supreme Court held that the Fifth Amendment's Just Compensation Clause required the government to provide just compensation for a temporary taking that denied a landowner all use of his property. Even if we were to assume that the holding in *First English* is applicable to a case, such as the one before us, involving a change in zoning,[2] appellee did not suffer a taking that deprived him of *all use* of his property when the board of commissioners refused to grant his application for rezoning. The denial of appellee's request did not amount to a refusal to permit any development on the land (see *Suhadolnik v. City of Springfield*, 540 NE2d 895 (184 IllApp3d 155) (1989)), and appellee still had possession and use of the land where he could have built in accordance with the existing zoning or applied for a different type of zoning. See *Lake Forest Chateau v. City of Lake Forest*, 549 NE2d 336, 341 (133 Ill2d 129) (1990). Because appellee did not suffer a taking that denied him all use of his property when his application for rezoning was denied, he did not suffer a taking compensable under the Fifth Amendment to the United States Constitution (see *Jack v. City of Olathe*, 781 P2d 1069, 1076 (Kan. 1989)), and therefore was not deprived of a right secured by the United States Constitution, the violation of which could be remedied under 42 USC § 1983. The trial court erred in awarding appellee damages pursuant to 42 USC § 1983.

*Appeal dismissed in case no. S91A1309. Judgment reversed in case no. S91A1311. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 20, 1992.

*Webb, Kicklighter & Casey, Robert F. Webb, Kris K. Skaar,* for appellants.

*Garvis L. Sams, Jr.,* for appellee.

---

[2] But see 482 U. S. 304 at 321, where the Supreme Court expressly limited its holding to the facts presented and recognized that it was not dealing with a case involving changes in zoning ordinances.