A93A1106. FORSYTH COUNTY v. GREER et al.
(439 SE2d 679)

ANDREWS, Judge.

This court granted interlocutory appeal to Forsyth County to consider the trial court's denial of the county's motion to dismiss the Greers' inverse condemnation suit.

The Greers originally filed suit against named officials and officers of Forsyth County on December 8, 1986. That suit was dismissed by a consent final judgment and decree which obviated any county requirements imposed on the subdivision development after the rezoning resolution of May 27, 1986; ordered the issuing of building permits and certificates of occupancy in the subdivision; and found that no payment beyond $9,000 was due the county for installa-

tion of water distribution facilities. The judgment allowed the plaintiffs four years from August 27, 1986, in which to file an "inverse condemnation proceeding" regarding the period of delay in obtaining the needed permits and certificates.

This inverse condemnation suit was brought against Forsyth County only on August 24, 1990, seeking damages for the several months delay encountered in developing the Greers' subdivision. As stated in the complaint, the plaintiffs alleged that county agents took actions resulting in a "temporary regulatory taking" of property in violation of the Constitution of the United States and of the State of Georgia.

The county moved to dismiss the suit on the ground it was protected by the doctrine of sovereign immunity and, because there was no allegation that the taking was for a public purpose, no valid inverse condemnation claim had been alleged. The trial court issued an order denying the motion to dismiss without any clarification. It then granted a certificate of immediate review "based upon the issue stated by the parties in the pleadings necessitating the Order, particularly whether or not the ruling of the Georgia Court of Appeals in *Kelleher v. State of Georgia*, 187 Ga. App. 64 (369 SE2d 341) (1988) is a proper statement of the law in view of more recent rulings of the United States Supreme Court concerning temporary takings, and upon the additional ground that interlocutory review may resolve this case without the necessity of a jury trial. . . ."

No United States Supreme Court case more recent than 1988 was relied on by any of the parties below or here,[1] although an earlier case, *First English Evangelical Lutheran Church of Glendale v. Los Angeles, Cal.*, 482 U. S. 304 (107 SC 2378, 96 LE2d 250) (1987), was cited for the principle that the passing of an ordinance which prohibited all use of a landowner's property can result in an inverse condemnation action.

1. We first address the issue of our jurisdiction. Since this case is not a question of interpretation of a constitutional provision, Ga. Const. 1983, Art. VI, Sec. VI, Par. II, but whether certain acts amount to an unconstitutional taking, this case is properly before this court. See *Brownlow v. City of Calhoun*, 198 Ga. App. 710 (1) (402 SE2d 788) (1991), citing *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (383 SE2d 123) (1989) and *Shockley v. Fayette County*, 260 Ga. 489 (396 SE2d 883) (1990); compare *Kariuki v. DeKalb County*, 253 Ga. 713 (324 SE2d 450) (1985).

2. The county's first and second enumerations are that a) no state

---

[1] The most recent case, *Lucas v. South Carolina Coastal Council*, ＿＿ U. S. ＿＿ (112 SC 2886, 120 LE2d 798) (1992), did not deal with a temporary taking but was a total prohibition of use.

cause of action existed for inverse condemnation as a matter of law because no public purpose was put forward for the alleged taking, and b) there is no cause of action under 42 USCA § 1983 because there was not such a taking as denied the landowner all use of his property.

(a) A county is not entitled to the constitutional protection of sovereign immunity where there has been a " 'taking for public purpose.' " *DeKalb County v. Orwig*, 196 Ga. App. 255, 257 (395 SE2d 824) (1990), modified on other grounds 261 Ga. 137 (402 SE2d 513) (1991). Here, assuming without deciding that the delays in issuing the permits, etc. involved in this case amounted to a temporary regulatory taking, there is no allegation in the record that such acts were done for a public purpose. *Kelleher*, supra at 65 (2). The complaint reflects on its face that the majority of the acts which are alleged to have delayed the development were done by county employees without the approval of the board of commissioners of the county, did not occur as part of a comprehensive land use plan, were done with improper motive, bad faith, and were wilful and wanton. Therefore, there is no cause of action for inverse condemnation.

The county argues that since no individuals were named as defendants in this suit, the suit against it was barred by the doctrine of sovereign immunity because "no basis has been asserted upon which the [county] itself, as opposed to its officers, could be held liable for monetary damages on the basis of [the seizure]. Cf. *Quern v. Jordan*, 440 U. S. 332, 343 (99 SC 1139, 59 LE2d 358) (1979)." *Kelleher*, supra at 65 (2). We agree.

"Sovereign immunity is not an affirmative defense . . . that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver. See *Kelleher*, [supra]." *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (434 SE2d 488) (1993). Here, nothing that would amount to such a waiver, in the absence of an action for inverse condemnation, has been alleged. Id.; accord *Collins v. Byrd*, 204 Ga. App. 893, 895 (3) (420 SE2d 785) (1992).[2]

(b) There is no allegation that the appellee/owners here were unable to make any use of their property during the administrative processes, only that the completion of their project was somewhat delayed. The complaint reflects that, during the time that the issue of the water supply for the development was being contested, development proceeded in the subdivision. It is not disputed that all required

---

[2] Since the instant suit was filed before the state constitutional amendment of 1991, it is controlled by the 1983 provisions governing waiver of sovereign immunity to the extent of liability insurance coverage. *Curtis v. Bd. of Regents of the Univ. System of Ga.*, 262 Ga. 226 (416 SE2d 510) (1992).

permits and approvals have now been issued or occurred. This is not sufficient to show a § 1983 violation and appellants specifically disavowed any such intent below. *Cobb County v. McColister*, 261 Ga. 876, 877 (413 SE2d 441) (1992).

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 24, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993 —

*Banks & Stubbs, Robert S. Stubbs III*, for appellant.
*Lynwood D. Jordon, Jr.*, for appellees.