A00A1938, A00A2302. DOVER et al. v. CITY OF JACKSON et al.;
and vice versa.
(541 SE2d 92)

JOHNSON, Chief Judge.

This zoning case arises out of a five-year dispute between Dover Realty Company and Ben Dover (collectively "Dover Realty") and the City of Jackson, its Mayor and its council members (collectively "City of Jackson") regarding the City of Jackson's refusal to rezone Dover Realty's property. Since the time Dover Realty purchased its residential property (the "subject property") in 1995, it has filed three rezoning applications and two lawsuits. Dover Realty voluntarily dismissed its first lawsuit, and the trial court awarded the City of Jackson attorney fees.

On January 5, 1996, Dover Realty reapplied to have its property rezoned commercial. Dover Realty's rezoning application proposed the construction of a 28-room motel on the subject property. On March 5, 1996, the Jackson City Council unanimously denied Dover Realty's rezoning application.

On April 3, 1996, Dover Realty filed the present complaint, asserting (1) federal constitutional claims, (2) federal damages claims, (3) state law damages claims, and (4) state constitutional claims. During the ensuing four years of litigation, either Dover Realty voluntarily dismissed its federal and state law claims or the trial court awarded judgment to the City of Jackson on these claims.[1] The only remaining claim is a declaratory judgment action to determine whether the Jackson Zoning Ordinance, as applied to the subject property, is unconstitutional.

In Case No. A00A1938, Dover Realty appeals the grant of summary judgment to the City of Jackson with regard to Dover Realty's claims for attorney fees, costs and expenses of litigation under (1) its

---

[1] On May 9, 1997 (after the City of Jackson filed a summary judgment motion), Dover Realty dismissed all of its state law damages claims, as well as its procedural due process federal damages claims. On February 2, 1999, the trial court granted the City of Jackson's motion for summary judgment on Dover Realty's remaining federal damages claims under 42 USC § 1983. On November 22, 1999, the City of Jackson was granted summary judgment on Dover Realty's state law damages claim under OCGA § 13-6-11.

request for state law damages based on OCGA § 13-6-11, and (2) its just compensation and equal protection claims based on 42 USC §§ 1983 and 1988. In Case No. A00A2302, the City of Jackson appeals the trial court's ruling that a jury shall consider whether the City of Jackson acted arbitrarily in refusing to rezone the subject property. We will consider these cases together.

### Case No. A00A1938

On appeal from the grant of summary judgment, this court applies a de novo review of the evidence to determine whether any question of material fact exists.[2] Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[3] A defendant meets this burden

> by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial.[4]

1. Dover Realty first contends the trial court erred in granting the City of Jackson's motion for summary judgment with respect to Dover Realty's claim for attorney fees and expenses of litigation under OCGA § 13-6-11. The trial court granted this motion on the ground that Dover Realty failed to comply with the ante litem notice requirement of OCGA § 36-33-5. Under this statute,

> No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section.[5]

It is clear that the ante litem notice requirement applies in zoning cases in which a party seeks damages under Georgia law.[6] Moreover, it is undisputed that Dover Realty failed to comply with the ante litem notice requirement of OCGA § 36-33-5. However, Dover Realty

---

[2] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).
[3] OCGA § 9-11-56 (c).
[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[5] OCGA § 36-33-5 (a).
[6] See *Brownlow v. City of Calhoun*, 198 Ga. App. 710, 712 (2) (402 SE2d 788) (1991).

attempts to avoid the consequences of its failure to comply with the ante litem notice requirement by claiming that the notice requirement does not apply to its claim for attorney fees and costs of litigation because the only issue remaining in the case is an equity issue and not a claim for money damages. We disagree.

It is true that a litigant seeking equitable relief is not bound by the ante litem notice requirement of OCGA § 36-33-5.[7] However, a claim for attorney fees and costs of litigation under OCGA § 13-6-11 is clearly a claim for damages and clearly seeks monetary, rather than equitable, relief. Even though Dover Realty's claim for attorney fees and costs of litigation may be ancillary to its claim for equitable relief, it is nonetheless a claim for money damages. Thus, under a strict reading of the ante litem notice statute, Dover Realty's failure to comply with the notice requirement of OCGA § 36-33-5 precludes its ability under Georgia state law to sue for money damages in the form of attorney fees and costs of litigation.[8] The trial court did not err in granting the City of Jackson's motion for summary judgment with respect to Dover Realty's state law claim for attorney fees and costs of litigation.

Because a trial court's grant of summary judgment will be affirmed if it is right for any reason,[9] we need not address Dover Realty's remaining enumerations of error regarding the trial court's grant of summary judgment as to Dover Realty's state law claim for attorney fees and litigation costs.

2. Dover Realty also contends the trial court erred in granting the City of Jackson's motion for summary judgment with respect to Dover Realty's claim for attorney fees and expenses of litigation under 42 USC §§ 1983 and 1988. The trial court granted this motion on the ground that the denial of Dover Realty's application for rezoning did not deprive it of any constitutional right which could be remedied under 42 USC § 1983. Dover Realty contends the trial court erred in making this finding because genuine issues of material fact exist as to whether (1) the City of Jackson's repeated refusals to rezone the property denied Dover Realty all economically viable use of the property and (2) the City of Jackson's allegedly disparate treatment of Dover Realty violated Dover Realty's equal protection rights. We find no error.

We first note that the ante litem notice requirement of OCGA § 36-33-5 does not apply to actions filed pursuant to 42 USC § 1983.[10]

---

[7] See *Thompson v. City of Atlanta*, 219 Ga. 190, 192 (2) (132 SE2d 188) (1963).

[8] See generally *Whipple v. City of Cordele*, 231 Ga. App. 274, 275 (2) (499 SE2d 113) (1998).

[9] *Schoen v. Cherokee County*, 242 Ga. App. 501, 503 (3) (530 SE2d 226) (2000).

[10] *Armour v. Davidson*, 203 Ga. App. 12 (1) (416 SE2d 92) (1992).

42 USC § 1983 provides a federal remedy in damages when a person, acting under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." 42 USC § 1988 (b) authorizes a trial court, in the exercise of its discretion, to award reasonable attorney fees to the prevailing party in an action to enforce 42 USC § 1983.

(a) *Federal Just Compensation Claim.* Only a handful of Georgia cases have discussed 42 USC § 1983 damages in the context of land development and rezoning. In *Cobb County v. McColister*,[11] the property owner filed an application to rezone his property, which was denied by the Cobb County Board of Commissioners. When the property owner appealed the decision to superior court, the trial court determined that the existing zoning was unconstitutional. The property owner argued that there had been an unconstitutional taking of his property and sought damages pursuant to 42 USC § 1983. The trial court granted the property owner's request for § 1983 damages incurred from the time he filed his application until the time the trial court overruled the commission's decision. The Supreme Court of Georgia, however, reversed the trial court's decision, finding that the property owner had not suffered a compensable taking under the Fifth Amendment to the United States Constitution because he was not deprived of all use of his property when the commission refused to grant his application for rezoning. According to the Supreme Court, the property owner "still had possession and use of the land where he could have built in accordance with the existing zoning or applied for a different type of zoning."[12]

Similarly, in *Forsyth County v. Greer*,[13] the property owners brought an inverse condemnation suit against Forsyth County for delay in issuing permits and certificates necessary to develop a subdivision. We denied the property owners' request for damages under 42 USC § 1983, finding that the delay of completion of their project was not sufficient to show a § 1983 violation.[14] And, in *Whipple v. City of Cordele*,[15] we held that a property owner was not entitled to damages under 42 USC § 1983 when a new ordinance made it illegal for her to stable horses at her city residence. Since the deprivation of the property owner's right to use her property to stable horses was not the deprivation of a vested right, such deprivation did not entitle her to bring an action under 42 USC § 1983.[16]

---

[11] 261 Ga. 876 (413 SE2d 441) (1992).
[12] Id. at 877.
[13] 211 Ga. App. 444 (439 SE2d 679) (1993).
[14] Id. at 446-447.
[15] Supra at 274.
[16] Id. at 277 (4).

In the present case, Dover Realty has not been deprived of all use of the property. As in *McColister*, Dover Realty "still had possession and use of the land where [it] could have built in accordance with the existing zoning or applied for a different type of zoning."[17]

The case of *Lucas v. South Carolina Coastal Council*[18] is inapposite. In *Lucas*, unlike Dover Realty, the property owner was prohibited from developing his property in any manner due to a newly enacted law. The United States Supreme Court held that a landowner must show that he has been deprived of all economically beneficial use of the property.[19] Here, even if the present zoning is deemed unconstitutional, Dover Realty has not been deprived of all economically beneficial use of its property. Because Dover Realty did not suffer a taking that denied it all use of its property, or all economically beneficial use of its property, when its application for rezoning was denied, it did not suffer a taking compensable under the Fifth Amendment of the United States Constitution and, therefore, was not deprived of a right secured by the United States Constitution, the violation of which could be remedied under 42 USC § 1983. The trial court did not err in granting the City of Jackson's motion for summary judgment on Dover Realty's claim for federal damages pursuant to 42 USC § 1983.

(b) *Federal Equal Protection Claim.* The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike.[20] In this case, Dover Realty has shown no one similarly situated who has been treated more favorably. While Dover Realty argues that area property has been rezoned to include a restaurant, a day care center, and multi-storage facilities, the record is void of the City of Jackson's treatment of similar uses such as that proposed by Dover Realty (e.g., motels). Since Dover Realty has failed to show that others similarly situated were treated differently, it has failed to make out an equal protection claim.[21]

Further, even if Dover Realty had shown it was similarly situated with other property owners whose rezoning applications were granted, Dover Realty has failed to show that the City of Jackson's decision was not rationally related to a legitimate government interest.[22] The City of Jackson asserts that it denied Dover Realty's application for rezoning in an effort to preserve the character of the residential neighborhood. The record shows that a number of residential

---

[17] *McColister*, supra at 877.
[18] 505 U. S. 1003 (112 SC 2886, 120 LE2d 798) (1992).
[19] Id. at 1018-1019.
[20] *Spence v. Zimmerman*, 873 F2d 256, 261 (11th Cir. 1989).
[21] See *Mackenzie v. Rockledge*, 920 F2d 1554, 1560 (11th Cir. 1991).
[22] See *Moore v. City of Edgewood*, 790 FSupp. 1561, 1568 (M.D. Fla. 1992).

properties abut the subject property and that the area in which the property is located is approximately 70 percent residential. Preserving the character of an existing neighborhood is a legitimate purpose of zoning and planning.[23] Thus, Dover Realty fails to state a claim that the City of Jackson violated its rights to equal protection. None of the claims advanced by Dover Realty warrant reversing the trial court's order granting summary judgment to the City of Jackson on this ground.

### Case No. A00A2302

On November 19, 1999, the trial court ruled, "IT IS HEREBY CONSIDERED after consideration of all pleadings and orders in this case, that the jury shall consider the following question *only*: Did the City act arbitrarily in refusing to rezone the property?" The City of Jackson contends the trial court erred (1) in the way it phrased the issue remaining in the case, and (2) in ruling that a jury shall consider the remaining issue. According to the City of Jackson, the proper standard employed in a rezoning case is whether the present zoning ordinance is unconstitutional, not whether a refusal to rezone was unconstitutional. In addition, the City of Jackson contends that the trial court, not a jury, is responsible for deciding the constitutionality issue. Both assertions are correct.

3. To the extent that the trial court's ruling indicates that the issue to be resolved is whether the City of Jackson's determination not to rezone Dover Realty's property from residential to commercial was arbitrary, the trial court erred. In a declaratory judgment involving a zoning case, courts begin with the proposition that a zoning ordinance is presumptively valid.[24] The challenger to the validity of the zoning ordinance has the burden to present clear and convincing evidence that he has suffered a significant loss which is unsubstantially related to the public health, safety, morality, or welfare.[25] The challenger may also prove that the zoning ordinance is not being enforced in a reasonable and nondiscriminatory manner.[26] If the challenger satisfies this initial burden, then the governing authority must offer evidence that the existing zoning classification is indeed in the public's interest.[27] A balancing test is used by the trial court to decide the result.[28] Thus, the issue to be determined is whether the zoning ordinance applicable to the property is constitutional, not

---

[23] See *Flournoy v. City of Brunswick*, 248 Ga. 573, 574 (285 SE2d 16) (1981).
[24] *Jones v. City of Atlanta*, 257 Ga. 727, 728 (363 SE2d 254) (1988).
[25] See *Gwinnett County v. Davis*, 271 Ga. 158 (517 SE2d 324) (1999); *Jones*, supra.
[26] *Gouge v. City of Snellville*, 249 Ga. 91, 94 (4) (287 SE2d 539) (1982).
[27] *Jones*, supra at 729.
[28] Id.

whether a governing authority's decision not to rezone a property to another zoning classification is arbitrary.

As Dover Realty concedes in its brief on appeal, the only issue remaining in the case is a declaratory judgment action to determine whether the Jackson Zoning Ordinance, as it is applied to the subject property, is unconstitutional under Georgia law. The trial court is directed to determine the remaining issue in this case using the legal standard we have cited.

4. The City of Jackson also asserts that the trial court erred in ruling that a jury shall consider the remaining issue. The City of Jackson is correct in its conclusion that the constitutionality of zoning is not a jury issue. Constitutionality is a question of law for the court and not a question of fact for a jury.[29] Thus, to the extent that the trial court's ruling purports to assign the court's duty to determine the constitutionality of the zoning ordinance to a jury, such a ruling is in error. However, as both parties point out, a trial court may submit questions of fact to the jury in the form of special verdicts if, in its discretion, it desires to seek a jury's aid to resolve specific factual disputes.[30] The court then will have the facts as determined by the jury's special verdict in deciding the ultimate constitutional issue. As Dover Realty points out, whether a zoning ordinance has been enforced in a uniform and nondiscriminatory manner is a question of fact that may be submitted to a jury for a special verdict.[31] Thus, while a jury may decide whether the City of Jackson acted arbitrarily in refusing to rezone the property, this is not the true issue remaining in the case, and this issue does not necessarily need to be decided by a jury. The trial court is directed to determine the remaining issue in this case consistent with the law we have cited.

*Judgment affirmed in Case No. A00A1938. Order vacated and case remanded with direction in Case No. A00A2302. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 24, 2000 — 

*Charles L. Ruffin, Joel V. Sherlock*, for appellants.
*Chilivis, Cochran, Larkins & Bever, James D. Durham*, for appellees.

---

[29] *Guhl v. Davis*, 242 Ga. 356, 357-358 (249 SE2d 43) (1978).
[30] Id. at 358; see also OCGA § 9-11-49.
[31] *Gouge*, supra; see *Matthews v. Fayette County*, 233 Ga. 220, 226 (210 SE2d 758) (1974).