S02A0059, S02A0060. POWELL v. CITY OF SNELLVILLE et al.
(two cases).
(563 SE2d 860)

BENHAM, Justice.

Appellant Mary Kathryn Powell, the owner of a parcel of real property in the City of Snellville, appeals from the trial court's grant of summary judgment to the defendants in the lawsuits Ms. Powell filed against them over the zoning classifications placed on her property. For the reasons that follow, we dismiss Ms. Powell's direct appeals, treat her appellate pleadings as an application for discretionary review, and deny further review of the trial court's actions.

In 1993, Ms. Powell owned an 11-acre parcel of land in Gwinnett County which she planned to sell for development as a parking lot for a shopping center to be built on adjacent property. At Ms. Powell's request, the City of Snellville annexed Ms. Powell's property in July 1993 and, over Ms. Powell's objection, zoned the property as "Office and Institutional" with a condition prohibiting the property from being developed as a parking lot. In December 1993, Powell filed suit in superior court against the city, its mayor, council members, planning director, and planning commission, contesting the zoning classification imposed on her property and the city's refusal to re-zone the property to what Ms. Powell deemed a constitutional classification. She also sought damages under 42 USC § 1983 for alleged inten-

tional and malicious interference with her contractual and property rights, damages under OCGA § 36-33-4, and a declaratory judgment that the Atlanta Regional Commission's interpretation of a rule promulgated by the Department of Natural Resources was unconstitutional. While Powell's lawsuit was pending in superior court, the city re-zoned the property from "Office and Institutional" to "Neighborhood Business," again with the prohibition against development as a parking lot for the planned adjacent mall. In July 1994, Ms. Powell filed a second lawsuit in superior court in which she contended the "Neighborhood Business" classification was unconstitutional, sought damages pursuant to 42 USC § 1983, and alleged that OCGA § 36-67A-5 had been violated by city council members who voted on the second zoning classification while they were defendants in her first appeal and thereby potentially exposed to personal liability. The superior court granted summary judgment to appellees in both cases and, relying on *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981), ruled Ms. Powell was precluded from challenging the constitutionality of the zoning classification(s) imposed on her property since she had not applied to the city for re-zoning of her property. This Court granted Ms. Powell's application for discretionary appeal and reversed the superior court's judgments, holding that Ms. Powell was not required to perform a futile act in order to obtain judicial review of her claim that her property was unconstitutionally zoned. *Powell v. City of Snellville*, 266 Ga. 315 (467 SE2d 540) (1996). In July 2000, with Ms. Powell's consent, the city re-zoned Ms. Powell's property to "Planned Residential Community." The superior court, in several orders issued over a four-year period, granted summary judgment to appellees on all counts in both cases, with the final order being issued June 6, 2001. Case No. S02A0059 is Ms. Powell's appeal from the final judgment entered on the December 1993 complaint, and Case No. S02A0060 is her appeal from the final judgment entered on the July 1994 complaint.

1. The city maintains appellant is not entitled to directly appeal the trial court's judgments because the trial court was engaged in reviewing zoning decisions made by the local zoning tribunal and appeals therefrom must come by way of application. OCGA § 5-6-35 (a) (1); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989). See also *Consolidated Govt. of Columbus v. Barwick*, 274 Ga. 176 (1) (549 SE2d 73) (2001); *King v. City of Bainbridge*, 272 Ga. 427 (1) (531 SE2d 350) (2000). " 'It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' " *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Appellant filed in this Court applications to appeal the trial court's judgments, as well as direct appeals from the trial court's final judgments. Citing *King v. City of Bain-*

*bridge*, supra, and *Sprayberry v. Dougherty County*, 273 Ga. 503 (543 SE2d 29) (2001), this Court dismissed appellant's applications in an unpublished order in which we stated appellant had the right to directly appeal the orders granting summary judgment to the city because the orders were not reviewing the decisions of an administrative agency. Having now received and reviewed the entire records of both appeals in conjunction with the direct appeals, we now conclude that the complaints appellant filed in the superior court following the city's zoning decisions were pleadings that took issue with and sought review of the administrative decisions of the local zoning body. This Court reviews the judgment of the superior court in such cases only after granting an application to appeal. OCGA § 5-6-35 (a) (1); *Trend Dev. Corp. v. Douglas County*, supra. The inclusion in the appeal to superior court of prayers for relief other than from the zoning decision does not transform the case into one in which a direct appeal is authorized. See *OS Advertising Co. v. Rubin*, 267 Ga. 723 (482 SE2d 295) (1997). See also *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994), which overturned the decision in *Rybert & Co. v. City of Atlanta*, 258 Ga. 347 (368 SE2d 739) (1988), to the extent it suggested a party could file a direct appeal from a superior court ruling on mandamus or declaratory judgment in an action that also sought review of a local zoning decision. Accordingly, we agree with the city that this Court's review of the trial court's judgments must be preceded by the grant of an application for discretionary review.

2. As stated earlier, Ms. Powell filed applications for discretionary review of the trial court's judgments, and we are reviewing the briefs filed in this case as if they were filed in support of and in opposition to the applications. In response to the observation that the property now is zoned to a classification to which Ms. Powell has no objection, Ms. Powell contends she is entitled to a jury trial to determine whether she suffered a temporary taking entitling her to damages from 1993, when the city initially improperly zoned her property, until the city zoned the property for a planned residential community in 2000. A property owner does not suffer a compensable temporary taking under the Fifth Amendment to the U. S. Constitution unless the government has deprived a landowner of all use of the property. *Cobb County v. McColister*, 261 Ga. 876, 877 (413 SE2d 441) (1992). Appellant did not suffer a compensable temporary taking since the city's zoning of appellant's property to "Office and Institutional" with conditions in 1993 and its subsequent 1994 re-zoning of the property to "Neighborhood Business" with conditions "did not amount to a refusal to permit any development on the land [cit.], and [the property owner] still had possession and use of the land where [s]he could have built in accordance with the existing zoning or applied for a different type of zoning. [Cit.]" Id. See also *Dover v. City*

*of Jackson*, 246 Ga. App. 524 (2) (a) (541 SE2d 92) (2000).

Inasmuch as we conclude from our examination of the records in conjunction with the applications for leave to file an appeal that reversible error does not appear to exist and the establishment of a precedent is not desirable, the applications are denied. Rule 33, Rules of the Supreme Court of Georgia.

*Appeals dismissed and applications to appeal denied. All the Justices concur.*

DECIDED MAY 28, 2002.

*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson*, for appellant.

*Jenkins & Nelson, Frank E. Jenkins III, Peter R. Olson*, for appellees.