S02A0639. COOPER v. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY.

(569 SE2d 855)

HUNSTEIN, Justice.

Lewis J. Cooper appeals from the grant of a motion to dismiss in favor of the Unified Government of Athens-Clarke County on his claims for mandamus and declaratory relief in this zoning case. Because the trial court erroneously considered evidence not a part of the record in deciding the motion, we vacate and remand.

In August of 1992 Cooper acquired undeveloped land in Athens-Clarke County, Georgia. At the time of purchase the land was zoned industrial ("I"). In July of 2000, Cooper initiated steps to obtain a permit to develop the land as a solid waste transfer station. Cooper claims to have expended more than $50,000 in meeting the Athens-Clarke County Planning Commission requirements for obtaining the permit. In December 2000, the Unified Government passed a land use plan that rezoned Cooper's property to employment industrial ("E-I"), a classification which prohibited construction of the solid waste transfer station. Cooper filed an application to rezone the property from E-I to I on March 2, 2001 asserting that he was told by the Planning Commission that the rezoning "would likely be approved." The Planning Commission unanimously voted to recommend the rezoning and presented its recommendation that "the approval of this request is consistent with the Future Land Use Plan, would not have an adverse effect on neighboring properties, and will not hinder further development in the surrounding areas" in a prepared statement to the County Board of Commissioners. The County Board of Commissioners denied the rezoning request and Cooper appealed to the superior court asserting claims for mandamus and declaratory relief. Following a hearing, the superior court granted the Unified Government's oral motion to dismiss, concluding that Cooper was precluded from attacking the zoning as unconstitutional because he failed to properly raise a constitutional challenge at the administrative level and further concluding that Cooper was not entitled to declaratory relief.

1. As an initial matter, we address our jurisdiction to decide this appeal. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). With respect to the judgment of the trial court, Cooper filed both an application to appeal as well as a direct appeal. Citing *Sprayberry v. Dougherty County*, 273 Ga. 503 (543 SE2d 29) (2001) and *King v. City*

*of Bainbridge*, 272 Ga. 427 (1) (531 SE2d 350) (2000), we dismissed the application to appeal in an unpublished order on the basis that Cooper had a right of direct appeal and he had filed a timely notice of appeal. However, in *Powell v. City of Snellville*, 275 Ga. 207 (1) (563 SE2d 860) (2002), this Court recently held that "[t]he inclusion in the appeal to superior court of prayers for relief other than from the zoning decision does not transform [a zoning] case into one in which a direct appeal is authorized. [Cits.]" Id. at 209 (1). Under the *Powell* rationale a discretionary application was required for Cooper's appeal from the trial court's order. Finding that we would have granted Cooper's application for discretionary review of the trial court's dismissal of his complaint, the application to appeal is granted and resolved infra. Compare *Powell*, supra (application to appeal denied because examination of the record and application for leave to file an appeal showed that reversible error did not exist).

2. The Unified Government made an oral motion to dismiss at the August 30, 2001 hearing on Cooper's petition for mandamus, and thereafter filed a brief in support of the motion, asserting that Cooper's constitutional challenge to the zoning classification was procedurally barred because the attack was raised for the first time in the superior court. On October 10, 2001, the trial court issued an order dismissing the entire complaint. In its order the trial court stated that it considered "on its own volition" audiotapes of the May 1, June 5 and July 3, 2001 County Board of Commissioners meetings in reaching the conclusion that Cooper was not entitled to the relief sought. It is uncontroverted that these audiotapes were not part of the record before the trial court.

The Unified Government asserts that the sua sponte investigation by the trial court constituted harmless error because Cooper was not prejudiced by this conduct. The standard used to evaluate the grant of a motion to dismiss when the sufficiency of the complaint is questioned is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 874 (463 SE2d 713) (1995). When matters outside of the pleadings are presented to the trial court, the motion to dismiss is treated as one for summary judgment. See OCGA § 9-11-12 (b). The trial court in this case sua sponte recognized and relied upon facts and evidence that were not a part of the evidence presented by the parties and which clearly were obtained outside of the proceedings. Although the trial court's interpretation of the hearing tapes may be correct, that evidence was not properly in the record for consideration by the court

in determining the final adjudication of Cooper's case.[*]

Because it is apparent that prejudicial error has occurred, the trial court's order granting the motion to dismiss is vacated and the case remanded for consideration of the motion to dismiss based solely on the evidence of record. The parties are reminded that any appeal from the trial court's ruling must be made pursuant to the discretionary appeal procedures. See OCGA § 5-6-35; *Powell*, supra.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson, Christopher T. Adams*, for appellant.
*Ellen W. Hight, Ernest De Pascale, Jr.*, for appellee.

---

[*] We disagree with the Unified Government that the "right for any reason" rule, see *Little v. City of Lawrenceville*, 272 Ga. 340 (2) (528 SE2d 515) (2000) (a trial court's ruling that is right for any reason will be affirmed) should be used to ratify the fact that the order was rendered using evidence independently obtained by the trial court.