A07A2051. WHITE v. CITY OF ATLANTA POLICE DEPARTMENT.
(657 SE2d 545)

PHIPPS, Judge.

In October 2005, Stardra Prothro White filed this pro se complaint against the City of Atlanta Police Department seeking $5,000,000 in damages based on the claim that a City of Atlanta police officer arrested her in February 2000 for conduct that was not a crime and as a result of a mistake as to her identity. Following service of the complaint upon the City of Atlanta, the city answered and moved to dismiss on numerous grounds. Following an unreported hearing, the trial court dismissed the complaint based on expiration of the two-year statute of limitation in OCGA § 9-3-33 and on White's failure to comply with the ante litem notice requirements of OCGA § 36-33-5. White appeals pro se. Finding no error in the dismissal of her complaint, we affirm.

The facts, as stated in the order appealed, are that a City of Atlanta police officer saw White walking down the middle of Memorial Drive and was told by her that she had cut herself. She was taken into custody and transported to Grady Hospital's psychiatric ward for observation. From there, she was transported to the DeKalb Medical Center, where she remained for several weeks until ordered released by a DeKalb County judge. White complains that police violated her civil rights and various statutes and ordinances, by arresting her for previously leaving a Maryland mental hospital prior to treatment. She asserts that there is no law against doing so. She also claims that due to a misspelling of her name, the police officer mistook her for a woman with a similar name who had been committed to the mental institute in Maryland.

1. White claims that the statute of limitation was tolled by fraud.[1] White did not, however, allege any fraud in her complaint or cite to any evidence of fraud in the record. That claim is, therefore, without merit.

2. White next argues that this case is governed by a 20-year statute of limitation, but has not shown the existence of any such

---

[1] See generally *Bahadori v. Nat. Union Fire Ins. Co.*, 270 Ga. 203, 205 (3) (507 SE2d 467) (1998).

statute. *Bankers Fidelity Life Ins. Co. v. Oliver*,[2] relied on by White, is not on point as it did not involve any issue concerning a statute of limitation.

3. In reliance on *Armour v. Davidson*,[3] White correctly argues that the ante litem notice provisions of OCGA § 36-33-5 do not apply to actions filed pursuant to 42 USC § 1983. This action was not, however, filed pursuant to § 1983. And White does not allege any facts in her complaint that would give rise to § 1983 liability.[4] Moreover, the trial court correctly dismissed the complaint based on expiration of the applicable statute of limitation and her failure to provide ante litem notice.

4. Remaining issues are moot.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 24, 2008 —
RECONSIDERATION DISMISSED FEBRUARY 12, 2008.

Stardra P. White, *pro se.*
Shelitha R. Robertson, for appellee.

---

[2] 106 Ga. App. 305 (126 SE2d 887) (1962).
[3] 203 Ga. App. 12 (1) (416 SE2d 92) (1992).
[4] See *Brown v. Dorsey*, 276 Ga. App. 851, 857 (2) (625 SE2d 16) (2005).