S11A0760, S11X0761. CITY OF STATESBORO et al. v. DABBS et al.; and vice versa.

(715 SE2d 73)

MELTON, Justice.

This appeal involves the manner in which a superior court may enforce the provisions of the Open Meetings Act, OCGA § 50-14-1 et seq., against a municipality. The record shows that Earl Dabbs, Charles Olliff, Raybon Anderson, Jody P. Stubbs, Ray Hendley, and Ellis Wood, who are private citizens (collectively "Plaintiffs"), filed a complaint alleging an Open Meetings Act violation against the City of Statesboro, its mayor, Joe Brannan, and its city council members, Will Britt, Travis Chance, John Riggs, Gary Lewis, and Tommy Blitch (collectively "City"). In their complaint for injunctive relief, Plaintiffs requested, among other things, an award of attorney fees and an injunction preventing the City from holding any future "secret" meetings. At the hearing on this matter, the City ultimately conceded that it had violated the Open Meetings Act by holding closed meetings regarding the City budget on April 1, 2010 and April 19, 2010, either without proper public notice or without the required

transcription of meeting minutes. Based on the evidence that it gathered of these violations, the trial court held that: (1) the City was enjoined from conducting any future meetings in violation of the Open Meetings Act; (2) the City must repeat the April 1 and April 19 meetings in an open manner that complies with the Open Meetings Act; and (3) pursuant to OCGA § 50-14-5 (b), plaintiffs were entitled to reasonable attorney fees in the amount of $4,250.

Following the trial court's ruling, the City filed the present appeal, arguing that the imposition of attorney fees was improper due to the lack of ante litem notice and that the issuance of an injunction was improper because Plaintiffs never made a proper request for mandamus. In a cross-appeal, Plaintiffs maintain that the trial court erred by failing to award the full amount of their attorney fees and expenses, which totaled over $8,000. For the reasons set forth below, we find that the Open Meetings Act, on its face, authorized the trial court to rule as it did.

### *Case No. S11A0760*

1. (a) The City first maintains that the trial court had no authority to grant an award of attorney fees to Plaintiffs because Plaintiffs did not give ante litem notice to the City that they would be seeking attorney fees in accordance with OCGA § 36-33-5. This Code section provides: "No person, firm, or corporation having a claim for money damages against any municipal corporation *on account of injuries to person or property* shall bring any action against the municipal corporation for such injuries, without first giving [ante litem] notice." (Emphasis supplied.) As is clear from the plain text of this statute, it applies to tort claims regarding personal injury or property damage, not violations of the Open Meetings Act. Therefore, contrary to the City's argument, OCGA § 36-33-5 does not apply to the Plaintiffs' request for attorney fees, and, as more fully discussed below in Division 2, the Open Meetings Act explicitly authorizes the assessment of attorney fees.

(b) The City also argues that the trial court had no authority to specifically order it to hold substitute hearings or to generally order it to hold all hearings in compliance with the Open Meetings Act because, in essence, these rulings were tantamount to the grant of a writ of mandamus against the City which the Plaintiffs never requested. Again, however, the City's argument is defeated by the plain text of the Open Meetings Act. OCGA § 50-14-5 (a) provides: "The superior courts of this state shall have jurisdiction to enforce compliance with the provisions of this chapter, *including the power to grant injunctions or other equitable relief.*" (Emphasis supplied.)

Based on this explicit grant of legislative authority, the trial court did not err.

*Case No. S11X0761*

2. In their cross-appeal, the Plaintiffs maintain that the trial court erred by awarding to them approximately half of their requested attorney fees. OCGA § 50-14-5 (b) provides:

> In any action brought to enforce the provisions of this chapter in which the court determines that an agency acted without substantial justification in not complying with this chapter, the court shall, unless it finds that special circumstances exist, assess in favor of the complaining party *reasonable* attorney's fees and other litigation costs *reasonably* incurred. Whether the position of the complaining party was substantially justified shall be determined on the basis of the record as a whole which is made in the proceeding for which fees and other expenses are sought.

(Emphasis supplied.) In this matter, the trial court expressly found in its order that the Open Meetings Act violations "were not a result of special circumstances and no substantial justifications for the violations were provided by the City of Statesboro." As a result, as mandated by the Open Meetings Act, the trial court was required to assess Plaintiffs' reasonable attorney fees against the City. Although Plaintiffs asked for more, the trial court determined that they incurred reasonable fees and expenses in the amount of $4,250, and Plaintiffs have provided no evidence that the trial court abused its discretion by determining that this amount, not the amount for which they asked, was reasonable under the circumstances of this case. Accordingly, the trial court's award of $4,250 in attorney fees and expenses will not be disturbed by this Court.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Michael L. Graves, Jr.*, for appellant.
*Franklin, Taulbee, Rushing, Snipes & Marsh, Wesley C. Taulbee, Daniel B. Snipes*, for appellee.