**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0225.  GREATER   ATLANTA   HOMEBUILDERS   DO-012
ASSOCIATION, INC. et al. v. CITY OF MCDONOUGH.

DOYLE, Presiding Judge.

Greater Atlanta Homebuilders Association, Inc., as proposed class representative, ("plaintiffs") filed a class action lawsuit against the City of McDonough to recover impact fees the City assessed against developers from July 2002 through July 2003. The plaintiffs also sought attorney fees and expenses of litigation under OCGA § 13-6-11. Following certification of the plaintiff class under OCGA § 9-11-23, the trial court granted summary judgment to the plaintiffs on their claim for return of the impact fees, but denied the plaintiffs' motion for summary judgment as to their claim for attorney fees and costs based on their failure to provide ante litem notice to the City pursuant to OCGA § 36-33-5. The plaintiffs appeal the

trial court's denial of their motion for summary judgment as to attorney fees and costs, and we reverse, for the reasons that follow.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that on July 19, 2002, the City adopted a moratorium on the issuance of development permits pursuant to City Ordinance No. 02-27-19. The ordinance did, however, contain an exemption for developers who signed a "Moratorium Agreement" and paid certain interim fees. It is undisputed that prior to July 21, 2003, the City did not have an impact fee ordinance. Nevertheless, the City assessed and collected approximately $370,000 in impact, or interim, fees against and from developers from July 2002 through July 2003.[2]

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] At least one developer noted on its check to the City for payment of the impact fee that it was paying it under protest.

After multiple unsuccessful meetings with City officials, the plaintiffs filed suit against the City, seeking a refund of the impact fees paid and attorney fees and expenses, contending that collection of the fees was ultra vires.[3] The trial court granted the plaintiffs' motion to certify the class, and this Court subsequently affirmed the certification in an unpublished opinion. The parties then filed cross-motions for summary judgment. Following a hearing, the trial court entered an order granting summary judgment to the plaintiffs as to their claims for the return of all impact fees collected between July 2002 and July 2003, plus interest. The trial court denied, however, the plaintiffs' motion for attorney fees and costs pursuant to OCGA § 13-6-11, relying on *Dover v. City of Jackson*.[4]

1. The plaintiffs contend that the trial court erred by denying their motion for summary judgment with respect to attorney fees and costs, arguing that contrary to the trial court's ruling, they were not required to give ante litem notice of their claim for fees and costs under OCGA § 36-33-5. We agree.

---

[3] OCGA § 36-71-3 (a) authorizes "[m]unicipalities . . . which have adopted a comprehensive plan containing a capital improvements element . . . to impose *by ordinance* development impact fees as a condition of development approval on all development." (emphasis supplied).

[4] 246 Ga. App. 524 (541 SE2d 92) (2000).

OCGA § 36-33-5 (a) provides that "[n]o person, firm, or corporation having a claim for money damages against any municipal corporation *on account of injuries to person or property* shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section."[5] OCGA § 36-33-5 (b) provides that the "notice must be given within six months of the event upon which the claim is predicated, must be in writing, and must state 'the time, place, and extent of the injury, as nearly as practicable, and *the negligence* which caused the injury.'"[6] "This statute is in derogation of the common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms."[7] As the Supreme Court of Georgia held in *City of Statesboro v. Dabbs*,[8] this statute therefore "applies

---

[5] (Emphasis supplied.)

[6] (Emphasis supplied.)

[7] (Punctuation omitted.) *City of Atlanta v. Benator*, 310 Ga. App. 597, 601 (3) (714 SE2d 109) (2011), quoting *Neely v. City of Riverdale*, 298 Ga. App. 884, 885 (1) (681 SE2d 677) (2009).

[8] 289 Ga. 669 (715 SE2d 73) (2011).

4

to tort claims regarding personal injury or property damage" and not to other types of claims.[9]

"The issue before us, therefore, is not merely whether the complaint sought 'money damages,' but also whether there has been a claim 'on account of injuries to person or property.'"[10] Here, the plaintiffs sought reimbursement for the pre-ordinance impact fees and for attorney fees and costs pursuant to OCGA § 13-6-11. Neither of these claims involve "injuries to person or property." Therefore, OCGA § 36-33-5 does not apply to this case, and the plaintiffs were not required to give ante litem notice of their request for attorney fees.[11]

In the case relied upon by the trial court, *Dover*, the plaintiffs sought a declaratory judgment to determine whether a Jackson County zoning ordinance, as applied to specific property, was unconstitutional.[12] The plaintiffs also sought

---

[9] Id. at 670 (1) (a).

[10] *Benator*, 310 Ga. App. at 601 (3).

[11] See *Dabbs*, 289 Ga. at 670 (1) (a); *Benator*, 310 Ga. App. at 601 (3).

[12] See *Dover*, 246 Ga. App. at 524.

attorney fees and costs pursuant to OCGA § 13-6-11.[13] This Court improperly concluded that

> a claim for attorney fees and costs of litigation under OCGA § 13-6-11 is clearly a claim for damages and clearly seeks monetary, rather than equitable, relief. Even though [the plaintiff's] claim for attorney fees and costs of litigation may be ancillary to its claim for equitable relief, it is nonetheless a claim for money damages. Thus, under a strict reading of the ante litem notice statute, [the plaintiff's] failure to comply with the notice requirement of OCGA § 36-33-5 precludes its ability under Georgia state law to sue for money damages in the form of attorney fees and costs of litigation.[14]

This holding is contrary to the specific language in OCGA § 36-33-5 limiting its applicability to claims brought "on account of injuries to person or property," and it ignores our duty to strictly construe this Code section in light of its derogation of common law.[15] Division 1 of *Dover v. City of Jackson* is, therefore, overruled.

---

[13] See id.

[14] *Dover*, 246 Ga. App. at 526 (1).

[15] See *Dabbs*, 289 Ga. at 670 (1) (a).

6

Here, the plaintiffs were not required to give ante litem notice of their claim for attorney fees and costs pursuant to OCGA § 13-6-11, and the trial court erred by denying their motion for summary judgment as to this claim.

2. The plaintiffs also argue that they did in fact give the City the requisite ante litem notice required under OCGA § 36-33-5. We need not reach this argument in light of our holding in Division 1.

*Judgment reversed. Phipps, C. J., Andrews, P. J., Barnes, P. J., Ellington, P. J., Miller, Dillard, McFadden, Boggs, Ray, Branch and McMillian, JJ., concur.*