300 Ga. 743
FINAL COPY

S16Q1881.  WEST v. CITY OF ALBANY et al.

BENHAM, Justice.

Searless West ("West"), a former employee of the City of Albany ("City"), filed a complaint in federal court against the City and two individuals setting forth, among other things, a claim under the Georgia Whistleblower Act ("GWA"), OCGA § 45-1-4.  With respect to West's claims under the GWA, she seeks economic and non-economic damages resulting from alleged retaliation for disclosing what she deems to be certain financial irregularities in the City's utility department.  Specifically, West seeks lost wages; loss of various employment benefits; damages attributable to reputational injury, emotional distress, humiliation, and embarrassment; and attorney fees and costs of litigation as a result of losing her job.  The City filed a motion for judgment on the pleadings with regard to the whistleblower claim, asserting it fails as a matter of law because West did not provide ante litem notice prior to filing the complaint.  The United States District Court for the Middle District of Georgia, in an order finding no controlling precedent from this Court that addresses the legal issue raised by the City,

certified the following question to this Court: "Is a plaintiff required to provide a municipal corporation with ante litem notice pursuant to OCGA § 36-33-5 in order to pursue a claim against it for money damages under the [GWA]?" As more fully developed in the discussion below, we answer this question in the negative.[1]

The GWA creates a cause of action for retaliatory discharge, suspension, demotion, or other adverse employment action taken against a public employee (as defined by the Act)[2] by a public employer as a result of the employee's disclosure of, or refusal to participate in, violation of the law.[3] A "public employer" includes not only branches and divisions of state

---

[1] Various amici curiae filed briefs in support of both sides of this issue, and we appreciate their helpful assistance in analyzing the issue presented by the question.

[2] OCGA § 45-1-4 (a) (3).

[3] OCGA § 45-1-4 (a) (4). The relevant portions of the GWA, OCGA § 45-1-4 (d) and (e), include the following:

> (d) (2) No public employer shall retaliate against a public employee for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency, unless the disclosure was made with knowledge that the disclosure was false or with reckless disregard for its truth or falsity.
> (3) No public employer shall retaliate against a public employee for objecting to, or refusing to participate in, any activity, policy, or practice of the public employer that the public employee has reasonable cause to believe is in violation of or noncompliance with a law, rule, or regulation.

> . . .

> (e) (1) A public employee who has been the object of retaliation in violation of this Code section may institute a civil action in superior court for relief . . . within one

2

government but also "any local or regional governmental entity that receives any funds from the State of Georgia or any state agency." This includes municipalities such as the City of Albany. The only time limitation set forth in the GWA is that a civil action for retaliation in violation of the Code section may be brought "within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier."[4] No conditions precedent, such as pre-suit notice to the employer, are set forth in the GWA. The City, however, asserts that West's retaliation claim is barred because it is subject to the municipal ante litem notice statute, OCGA § 36-33-5, and that West failed to give timely written notice to the City pursuant to that statute.

The relevant subsections of the municipal ante litem notice statute read as follows:

> (a)   No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in [subsection (b) of] this Code section.

---

year after discovering the retaliation or within three years after the retaliation, whichever is earlier.

. . .

[4] OCGA § 45-1-4 (e) (1).

(b)     Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury.  No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

OCGA § 36-33-5 (a) and (b).  West's complaint seeks money damages among other remedies, and so the City argues West was required to provide written notice of her claim within six months of the alleged retaliation, which she failed to do.  But courts do not construe one subsection of a statute in isolation from another.  Instead, this Court has set out certain principles of statutory construction to guide a court's consideration of the scope and meaning of a statute:

First, courts should construe a statute to give sensible and intelligent effect to all of its provisions and should refrain, whenever possible, from construing the statute in a way that renders any part of it meaningless.  Second, a court's duty is to reconcile, if possible, any potential conflicts between different sections of the same statute, so as to make them consistent and harmonious.  Third, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

4

(Citations and punctuation omitted.) *Footstar, Inc. v. Liberty Mutual Ins. Co.*, 281 Ga. 448, 450 (637 SE2d 692) (2006). We also presume that when enacting a statute "'the General Assembly meant what it said and said what it meant.'" (Citation omitted.) *Federal Deposit Ins. Corp. v. Loudermilk*, 295 Ga. 579, 588 (2) (761 SE2d 332) (2014). We do not limit our consideration to the words of one subsection of a statute alone, but consider a particular provision in the context of the statute as a whole as well as the context of other relevant law, "constitutional, statutory, and common law alike . . . ." (Citation and punctuation omitted.) Id. See also *Mooney v. Webster*, 300 Ga. 283 (794 SE2d 31) (2016). Additionally, because the ante litem notice provision of OCGA § 36-33-5 is in derogation of common law, which did not require pre-suit notice, it must be strictly construed and not extended beyond its plain and explicit terms. See *Neely v. City of Riverdale*, 298 Ga. App. 884, 885 (1) (681 SE2d 677) (2009); see generally *Holland v. Caviness*, 292 Ga. 332, 337 (737 SE2d 669) (2013).[5]

Applying those rules to this case we should, if possible, neither read words into subsection (b) of the municipal ante litem notice statute nor omit

---

[5] As early as 1919, this Court, in construing the predecessor of OCGA § 36-33-5, stated: "This statute . . . is in derogation of common right, and should be strictly construed as against the municipality . . . ." *Maryon v. City of Atlanta*, 149 Ga. 35, 36 (99 SE 116) (1919).

them. The written notice required by OCGA § 36-33-5 (b) must state "the time, place, and extent of the injury, as nearly as practicable, *and the negligence which caused the injury*." (Emphasis supplied.) The City focuses solely on the language of subsection (a) and argues that since West's claim is one for money damages, on account of injuries to her person or property, the ante litem notice requirement applies to her claim. The City argues that the language of subsection (b) simply defines the scope and detail required for the written notice.[6] But this assertion would require us to ignore the plain language of subsection (b) that requires a claimant to state "the negligence which caused the injury." It is obvious from this language that the municipal ante litem statute contemplates an injury sustained as a result of a negligent act or omission. The injury contemplated by the GWA, however, involves an act of retaliation which, by definition, is an intentional act and not a negligent one. As used in the GWA,

---

[6] The City cites *Foster v. Ga. Regional Transp. Auth*., 297 Ga. 714, 717 (777 SE2d 446) (2015), in which this Court noted that subsection (b) of the municipal ante litem notice statute "concerns the time and manner in which the notice [of a claim for money damages] must be presented [to a municipality]," and that subsection (e), which relates to the description of the injury required in subsection (b), "concerns the content of the notice of claim . . . ." In reliance upon this language, the City asserts the term "negligence" used in subsection (b) does not restrict the scope of the claims covered by the statute. In *Foster*, however, this Court was not asked to address the scope of the claims covered by the statute, but only whether the tolling of the statute of limitation while the claimant's demand for payment against a municipality was pending, as set forth in subsection (d), applied to a claim, brought under the Torts Claims Act, against an entity that was not a municipal corporation.

"retaliation" refers to the discharge, suspension, or demotion by a public employer of a public employee or any other adverse employment action taken by a public employer against a public employee in the terms of or conditions of employment for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or government agency.

OCGA § 45-1-4 (a) (5). If, as the City argues, the reference to "negligence" in OCGA § 36-33-5 (b) does not limit the type of injury referenced in subsection (a) of that code section, such a construction would require this Court to expand the plain language of subsection (b) to read: "and the negligence which caused the injury, *if any*," or "and*, with respect to injuries caused by negligence*, the negligence which caused the injury." The General Assembly did not draft the language of the statute in this manner, and we will not construe the statute as if it did. See *Pandora Franchising, LLC v. Kingdom Retail Group, LLLP*, 299 Ga. 723, 789 (1) (a) (791 SE2d 786) (2016). In *City of Statesboro v. Dabbs*,[7] this Court held the plain language of the municipal ante litem notice statute demonstrates it applies to tort claims involving personal injury or property damage, and did not apply to a claim for violation of the Open Meetings Act.

Here, we state further that the statute's plain language demonstrates it applies only to damages caused by negligence, not intentional acts. The City

---

[7] 289 Ga. 669 (1) (a) (715 SE2d 73) (2011).

7

argues that such an interpretation is inconsistent with this Court's holding in

*City of Statesboro v. Dabbs*, id., in which we stated it is clear from the plain

text of the municipal ante litem notice statute that it "applies to tort claims

regarding personal injury or property damage." But in the *Dabbs* case, we

were drawing a distinction between the types of claims covered by the statute

according to its plain language and a claim for violation of the Open

Meetings Act. We were not asked to consider whether the statute applied

only to claims for negligence.[8] Additionally, a comparison of the municipal

ante litem notice statute with the pre-suit notice statute applicable to claims

against the state reveals a significant characteristic of those statutes. The

---

[8] Likewise, the City argues an interpretation that limits the application of the statute only to negligence claims is inconsistent with this Court's holding in *Camp v. Columbus*, 252 Ga. 120 (311 SE2d 834) (1984), affirming the trial court's ruling that a claim for slander against a municipality was barred by the claimant's failure to comply with the ante litem notice statute (see Hill, C. J., dissenting), and with the holding in *Carruthers v. City of Hawkinsville*, 171 Ga. 313 (155 SE 520) (1930), applying the requirement of the ante litem notice statute to a claim for homicide. Again, neither of these cases involved an assertion that the municipal ante litem notice statute, by its plain language, applies only to claims in negligence. We have also reviewed the cases cited by amici curiae and note that either they are not binding on this Court (being opinions issued by the Court of Appeals or a federal court interpreting Georgia law) or they do not address whether the municipal ante litem notice statute applies only to claims in negligence, or both. To the extent any Georgia Court of Appeals opinions hold that the municipal ante litem notice statute applies to claims other than negligence claims, they are overruled. See, e.g., *Mayor and City Council of City of Richmond Hill v. Maia*, 336 Ga. App. 555 (1) (784 SE2d 894) (2016) (cert. granted Oct. 17, 2016) (holding the statute applicable to intentional infliction of emotional distress and other intentional torts); *Rabun v. McCoy*, 273 Ga. App. 311 (1) (615 SE2d 131) (2005) (holding the statute applicable to a defamation claim); *Brownlow v. City of Calhoun*, 198 Ga. App. 710 (2) (402 SE2d 788) (1991) (holding the statute applicable to a claim for inverse condemnation); *Acker v. City of Elberton*, 176 Ga. App. 580 (2), (3) (336 SE2d 842) (1985) (holding the statute applicable to a claim for illegal arrest).

municipal ante litem notice statute and the state ante litem notice statute both are limited to certain claims. The statute applicable to claims against municipalities requires the claimant to state "the negligence which caused the injury." OCGA § 36-33-5. While the ante litem notice statute applicable to claims against the state contains no reference to "negligence," it applies instead to "tort" claims. See OCGA § 50-21-26 (a). The claimant is required to state, among other things, "[t]he acts or omissions which caused the loss." OCGA § 50-21-26 (a) (5) (F). We must presume the General Assembly's use of limiting language to define the type of claims included in these ante litem statutes relating to different governmental entities was a matter of considered choice. See *Pandora Franchising, LLC*, supra, 299 Ga. at 726 (1) (a).

Further, the plain text of the municipal ante litem notice statute demonstrates pre-suit notice is not required for breach of contract claims, as the statute refers to damages caused by negligence.[9] See *City of College Park v. Sekisui SPR Americas, LLC*, 331 Ga. App. 404, 408 (1) (771 SE2d 101) (2015); *Neely v. City of Riverdale*, supra, 298 Ga. App. at 885. The

---

[9] This interpretation is consistent with other cases in which the application of the municipal ante litem notice statute has not been extended to claims that do not involve negligent injury to person or property, even though the plaintiff seeks money damages. See, e.g., *Greater Atlanta Home Builders Assn., Inc. v. City of McDonough*, 322 Ga. App. 627 (1) (745 SE2d 830) (2013) (ante litem notice not required for a claim seeking refund of fees even though the plaintiffs also sought attorney fees and costs).

parties agree that West was an at-will employee, and she does not assert her termination amounted to a breach of contract. West's claim for retaliatory discharge under the GWA cannot be construed as a negligence action subject to the requirements of OCGA § 36-33-5 because Georgia law does not recognize a claim for wrongful termination of an at-will employee, absent certain statutory exceptions. See *Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279 (1) (528 SE2d 238) (2000); *Jellico v. Effingham County*, 221 Ga. App. 252, 253 (471 SE2d 36) (1996). The very phrase indicates such employment may be terminated at the will of either party. See OCGA § 34-7-1. The GWA creates such a statutory exception recognizing a claim for wrongful termination by authorizing the filing of a claim against a governmental entity, such as the City, for retaliatory discharge. Clearly, the GWA creates a waiver of sovereign immunity by authorizing a claim for retaliatory discharge and sets forth the extent of such a waiver. See *Colon v. Fulton County*, 294 Ga. 93, 95 (1) (751 SE2d 307) (2013). But nothing in the GWA requires pre-suit notice by a claimant in order to assert a retaliatory discharge claim. In *Colon*, this Court reversed a Court of Appeals ruling that effectively rewrote the GWA by grafting the provisions of one subsection of the statute onto another. Id. at 100 (2). Likewise, in this case we will not

graft the provisions of the municipal ante litem notice statute onto a completely separate statute that waives sovereign immunity and authorizes a retaliatory discharge action against a municipality without any requirement of pre-suit notice.

In fact, we agree with West that to do so would destroy the carefully crafted statute of limitation in the GWA that grants an employee up to three years after the retaliation to file an action, or one year after discovering the retaliation, whichever is earlier. OCGA § 45-1-4 (e) (1). It is apparent that the General Assembly meant to distinguish these claims from negligence claims for personal injury that generally have a two-year statute of limitation. See OCGA § 9-3-33. West urges that to require a party to present written notice of a GWA retaliation claim within six months, as required by the municipal ante litem notice statute, would effectively bar a significant number of meritorious claims because such claimants are often offered a pretextual reason for a retaliatory employment decision, are often not contemporaneously aware that they were the victim of illegal retaliation, and do not discover the decision violated the GWA until well after the expiration of six months.

The Court of Appeals has already ruled that the ante litem notice requirement for tort claims against the State of Georgia in the Tort Claims Act, OCGA § 50-21-26, does not apply to a whistleblower claim. See *Tuttle v. Bd. of Regents of the Univ. System of Ga.*, 326 Ga. App. 350 (756 SE2d 585) (2014) (physical precedent only). The GWA applies to all "public employees," whether state, county, or municipal. Indeed, in 2007 the legislature expanded the scope of the GWA to include municipal government employees within the definition of "public employee[s]."[10] The City can point to no indication of a legislative intent to impose different procedural routes or preconditions upon employees of different public employers. Instead, the GWA promotes the dual purpose of authorizing public employers to receive and investigate claims of fraud, waste, and abuse from a public employee (see OCGA § 45-1-4 (b)) and of prohibiting retaliation against a public employee who reports such fraud (see OCGA § 45-1-4 (d) and (e)). The same time limitation for instituting a civil action for retaliation set forth in subsection (e) (1) is imposed on all public employees, regardless of the type of government entity that employs them. We hold that the pre-suit

---

[10] See Ga. L. 2007, p. 298, § 1.

notice requirement contained in the municipal ante litem notice statute does not apply to a whistleblower claim brought pursuant to the GWA.

Certified question answered.  All the Justices concur.

Decided March 6, 2017.

Certified question from the United States District Court for the Middle District of Georgia.

LaTonya N. Wiley, for appellant.

Elarbee, Thompson, Sapp & Wilson, William D. Deveney, Richard R. Gignilliat, Sydney Hu, for appellees.

Lisa C. Lambert; The Buckley Law Firm, Steven E. Wolfe; Parks, Chesin & Walbert, Allan L. Parks, Jr.; Legare, Attwood & Wolfe, Cheryl B. Legare; Rusi C. Patel, Susan J. Moore; Fulcher Hagler, Scott W. Kelly, John E. Price, amici curiae.