**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 23, 2017**

# In the Court of Appeals of Georgia

A17A0194. RIGGINS v. CITY OF ATLANTA et al.                JE-008

ELLINGTON, Presiding Judge.

Terry Riggins appeals from the order of the Superior Court of Fulton County which dismissed her complaint alleging that the City of Atlanta and named City employees acting in their official capacities violated the Georgia Whistleblower Act ("GWA"), OCGA § 45-1-4, when they allegedly had her employment terminated for complaining about irregularities in the City's water system. The City argued, and the superior court found, that Riggins' suit was barred because she failed to comply with the statutory requirement that a plaintiff provide ante litem notice before asserting certain claims against a municipality pursuant to OCGA § 36-33-5. Riggins appeals, contending that the municipal ante litem notice requirement does not apply to claims brought pursuant to the GWA. For the following reasons, we agree.

After this appeal was docketed in this Court and briefed, the Supreme Court of Georgia addressed this issue in response to a certified question from the United States District Court for the Middle District of Georgia, and it held "that the pre-suit notice requirement contained in the municipal ante litem notice statute does not apply to a whistleblower claim brought pursuant to the GWA." *West v. City of Albany*, ___ Ga. ___ (Case No. S16Q1881) (2017 Ga. LEXIS 177) (March 6, 2017). Given this recent precedent, we must conclude that Riggins was not required to provide the City with ante litem notice of her GWA claim. Consequently, the superior court's order must be reversed.

*Judgment reversed. Andrews and Rickman, JJ., concur.*