**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 18, 2023**

# In the Court of Appeals of Georgia

A23A0362. THOMAS et al. v. HENRY COUNTY WATER AUTHORITY et al.

MERCIER, Judge.

Rickey Thomas and his wife appeal from the superior court's order dismissing their claims against the Henry County Water Authority ("HCWA" or "the Water Authority") and its employee, James Walker. For reasons that follow, we reverse.

On appeal, we review the trial court's ruling on a motion to dismiss de novo, "accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff." *Maynard v. Snapchat, Inc.*, 313 Ga. 533, 535 (2) (870 SE2d 739) (2022). The complaint (as amended) alleges that on November 27, 2017, Thomas suffered catastrophic injuries when an HCWA truck driven by Walker collided with his vehicle. The Thomases sued HCWA and Walker, asserting that

Walker's negligence caused the collision and that HCWA was liable for its employee's negligence. The defendants subsequently moved to dismiss the complaint. They argued that (1) the claim against HCWA was barred by the Thomases' failure to comply with the ante litem notice requirement in OCGA § 36-11-1, and (2) Walker was statutorily immune from suit. The trial court granted the defendants' motion, and this appeal followed.

1. The Thomases first argue that they were not required to serve HCWA with ante litem notice pursuant to OCGA § 36-11-1. Under this provision, "[a]ll claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." The statute "afford[s] the county an opportunity to investigate the claim and ascertain the evidence and to avoid the incurrence of unnecessary litigation." *Strickland v. Wilson*, 205 Ga. App. 91, 92 (421 SE2d 94) (1992) (citation and punctuation omitted).

The record shows that the Thomases served various Henry County officials (including the County Board of Commissioners and the County Manager) with notice

2

of their claim within 12 months of the wreck.[1] Although County officials forwarded the notice to HCWA, the Thomases did not serve a copy directly on the Water Authority. Based on that lack of presentment, HCWA argued below, and the trial court concluded, that the Thomases failed to comply with OCGA § 36-11-1.

By its clear terms, OCGA § 36-11-1 applies to claims against *counties*. HCWA is not a county; it is a public corporation created by the Georgia General Assembly in 1961 to operate and maintain a water system within Henry County. See Ga. L. 1961, pp. 2588-2594; Ga. L. 2013, p. 3789, § 3. Nevertheless, HCWA contends that it is entitled to the same ante litem notice afforded to a county because in 2013, the General Assembly amended the Water Authority's operative legislation to provide: "The authority shall enjoy the same immunity from suit as that enjoyed by Henry County." Ga. L. 2013, p. 3789-3790, § 3. We disagree.

(a) Henry County enjoys sovereign immunity from suit except to the extent such immunity has been waived by the General Assembly. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e); *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994) (holding that the Constitution's "extension of sovereign immunity to 'the

---

[1] It appears that the Thomases initially believed the County was responsible for their damages, but later determined that HCWA was the proper party defendant.

state and its departments and agencies' must also apply to counties") (citation and punctuation omitted); see also Ga. Const. of 1983, Art. IX, Sec. II, Para. IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."). The General Assembly has granted this same immunity to HCWA. See Ga. L. 2013, p. 3789-3790, § 3.

Again, however, sovereign immunity may be waived. And pursuant to OCGA § 36-92-2 (a), a limited waiver of sovereign immunity exists for motor vehicle injury claims brought against counties and other "local government entities." See also OCGA § 36-92-1 (3) ("'Local government entity' means any county, municipal corporation, or consolidated city-county government of this state."). HCWA concedes that it is subject to this limited waiver of immunity. But it contends that the waiver is triggered *only* upon service of ante litem notice. According to the Water Authority, sovereign immunity is not waived under OCGA § 36-92-2 (a) unless and until a claimant serves the proper party (in this case, HCWA) with notice of the claim in accordance with OCGA § 36-11-1. It thus argues that, given the Thomases' failure to serve it with notice of the claim, no waiver of immunity occurred.

Nothing in the statutory scheme supports this position. The notice provision in OCGA § 36-11-1 makes no reference to immunity, and the limited waiver, which

4

appears in an entirely different section of Title 36, does not depend on notice. See

OCGA §§ 36-11-1, 36-92-2. Claim presentment and the limited waiver of sovereign

immunity are distinct, independent concepts.[2] See, e.g., *Warnell v. Unified Govt. of*

*Athens-Clarke County*, 328 Ga. App. 903, 905 (763 SE2d 284) (2014) ("[T]he limited

waiver of sovereign immunity set forth in OCGA § 33-24-51 (b) [which increases the

sovereign immunity waiver provided in OCGA § 36-92-2 if a county purchases

additional liability insurance] does not implicate the 12-month presentation

requirement under OCGA § 36-11-1."). The statutory scheme does not condition the

sovereign immunity waiver on service of notice under OCGA § 36-11-1, and we will

not impose such a requirement here.

(b) In a related claim, HCWA argues that because it has the same immunity as

Henry County, it must be viewed as a "county" for ante litem purposes, entitling it to

notice under OCGA § 36-11-1. To support this argument, HCWA cites our decision

in *City of Columbus v. Barngrover*, 250 Ga. App. 589, 596-597 (4) (552 SE2d 536)

(2001), which addressed whether the ante litem notice provision for a municipality

(requiring notice within six months of the claim) or a county (requiring notice within

---

[2] Although OCGA § 36-92-2 (b) provides that sovereign immunity "is waived only to the extent and in the manner provided in this chapter," the ante litem notice requirement appears in a separate chapter of Title 36.

5

twelve months of the claim) applied to the plaintiffs' nuisance action. See OCGA §§ 36-11-1 (presentment requirement for counties), 36-33-5 (presentment requirement for municipalities).

In *Barngrover*, we noted that well before the nuisance claim arose, the legislature consolidated the governments of the City of Columbus and Muscogee County, creating a new joint government and abolishing the previously separate municipal and county governments. 250 Ga. App. at 596-597 (4); see also *Troup County Electric Membership Corp. v. Georgia Power Co.*, 229 Ga. 348, 350-351 (191 SE2d 33) (1972) (discussing the City of Columbus/Muscogee County consolidation). Following the consolidation, the legislature also determined that "[t]he tort liability, expressly including liability based on a theory of nuisance, of the consolidated government shall be the tort liability applicable to counties." *Barngrover*, 250 Ga. App. at 596 (4) (citation and punctuation omitted). The legislature thus "extended county immunity to the City of Columbus." Id. Based on these circumstances, we determined that "[f]or purposes of ante litem notice, the City in this case must be treated as a county." Id.

HCWA contends that it is entitled to similar "county" treatment. The circumstances in *Barngrover*, however, are distinguishable from those at issue here.

6

Both HCWA and the City of Columbus enjoy the same immunity as a county. But unlike HCWA, the City of Columbus was consolidated with Muscogee County, resulting in a joint government. Moreover, because the county and municipal ante litem notice requirements are in derogation of common law, they must be strictly construed. See *West v. City of Albany*, 300 Ga. 743, 745 (797 SE2d 809) (2017); *Strickland*, 205 Ga. App. at 93. Given this strict construction, we properly afforded the *Barngrover* claimants the benefit of the longer, 12-month ante litem notice period applicable to counties. In contrast, strict construction does not support county treatment for HCWA. Although HCWA has the same immunity as Henry County, the Water Authority has pointed to no evidence that its is intertwined with or should be viewed as part of the county.

According to its clear language, OCGA § 36-11-1 applies to counties. We find no basis for extending the statute's reach to an independent, legislatively-created public water authority. See generally *In re Whittle*, 339 Ga. App. 83, 86 (1) (793 SE2d 123) (2016) ("[W]hen the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.") (citation and punctuation omitted).

(c) Reaching beyond the confines of sovereign immunity, HCWA also argues more generally that a county "is 'immune from suit' from claimants who fail to tender proper and timely ante litem notice." Since it enjoys the same immunity as Henry County, HCWA asserts that the lack of ante litem notice similarly renders it "immune from suit." We cannot conclude, however, that "immunity" results when a claimant fails to comply with OCGA § 36-11-1. On the contrary, "a cause of action against a county *does not exist* unless the claim has been presented within 12 months after its accrual." *Warnell*, 328 Ga. App. at 904 (emphasis supplied). The county is not "immune from suit" in this situation; the suit is nonexistent. Immunity, which arises when a person is exempt from a service, obligation, or duty,[3] is not at play here.

The Thomases were not required to provide notice of suit to HCWA under OCGA § 36-11-1. The trial court, therefore, erred in dismissing the complaint on this basis.

2. The Thomases also argue that the trial court improperly dismissed their claims against Walker. We agree.

---

[3] Black's Law Dictionary generally defines "immunity" as "[e]xemption, as from serving in office, or performing duties which the law general requires other citizens to perform . . . . Freedom from duty or penalty." Black's Law Dictionary 676 (5th ed. 1979).

In their original complaint, the Thomases alleged that Walker was acting within the course and scope of his employment at the time of the collision. They later amended the complaint to allege that Walker was *not* acting within the performance of his official duties at the time, that his actions were willful and wanton, and that he is "personally liable and responsible for all acts that constitute negligence that occurred outside the scope of his employment and outside the performance of official duties."[4] They further assert that "[w]here Defendant Walker acted outside of his official duties, or otherwise was not working and merely operating the HCWA vehicle, Defendant Walker has no immunity from suit and is liable for all actions constituting negligence." As to HCWA, the Thomases claim alternatively that the Water Authority is liable for Walker's actions "pursuant to an agency theory, where Defendant Walker was engaged in activities within his official duties." See *Zambetti v. Cheeley Investments*, 343 Ga. App. 637, 647 (2) (c) (808 SE2d 41) (2017) ("Georgia law allows plaintiffs to proceed on alternative theories of recovery.").

The trial court dismissed the claims against Walker after concluding that he was entitled to statutory immunity pursuant to OCGA § 36-92-3 (a). Under the

---

[4] Withdrawal or amendment of a pleading prevents admissions in the original pleading "from serving as solemn admissions in judicio." *Georgia-Pacific v. Fields*, 293 Ga. 499, 502 (1) (748 SE2d 407) (2013).

9

statute, "[a]ny local government officer or employee who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is not subject to lawsuit or liability therefor." OCGA § 36-92-3 (a). The statute further provides, however, that "[n]othing . . . give[s] the local government officer or employee immunity from suit and liability if it is proved that the local government officer's or employee's conduct was not within the performance of his or her official duties." In this case, the Thomases specifically allege that Walker was not performing his official duties at the time of the collision.

Dismissal is proper only if "the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." *Moats v. Mendez*, 349 Ga. App. 811, 812-813 (824 SE2d 808) (2019) (citation and punctuation omitted). Given the Thomases' assertion that Walker acted outside the scope of his employment, the trial court erred in concluding, based solely on the allegations of the complaint, that Walker was

entitled to immunity under OCGA § 36-92-3 (a). Accordingly, Walker was not entitled to dismissal of the claims against him.[5]

*Judgment reversed. Miller, P. J., and Hodges, J., concur.*

---

[5] In its order dismissing the Thomases' claims, the trial court found that paragraph 28 of the amended complaint presents a "contradictory" allegation that Walker's conduct was within the scope of his employment at the time of the collision. But Paragraph 28 (which also appears as paragraph 31 of the second amended complaint) merely asserts that Walker "is personally liable and responsible for all acts that constitute negligence that occurred in the performance of his official duties." It does not allege that he was, in fact, acting within his official duties at the time of the collision.