**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 27, 2023

# In the Court of Appeals of Georgia

A22A0739. PAYTON et al. v. CITY OF COLLEGE PARK et al.

DOYLE, Presiding Judge.

Frank Payton, Donese Payton, and the estate of G. A. P. (the "Plaintiffs") appeal from the trial court's grant of a motion to dismiss filed by the City of College Park and the City of South Fulton. The court found that the Plaintiffs' ante litem notices failed to meet the requirements of OCGA § 36-33-5 (e) because the notices did not state the specific amount of monetary damages sought from the municipal corporations. For the reasons set forth infra, we affirm.

"We review a trial court's ruling on a motion to dismiss de novo, viewing all well-pled allegations in the complaint as true."[1] So viewed, the record shows the

---

[1] *Hobbs v. Great Expressions Dental Centers of Ga.*, 337 Ga. App. 248 (786 SE2d 897) (2016).

following. In September 2020, the Plaintiffs filed a complaint against American Medical Response, Inc., American Medical Response of Georgia, Inc., the City of College Park, and the City of South Fulton. The parties later substituted E.M.S. Ventures, Inc., as the proper party for the American Medical Response defendants. The amended complaint alleged that in May 2018, errant gunfire struck minor G. A. P. in College Park. An initial call to 911 was made around 12:01 a. m. South Fulton's fire and police department, College Park's police department, and E.M.S. Ventures were all dispatched to the incident. Emergency personnel employed by the defendants arrived about 30 minutes later, but by that time G. A. P. had suffered a large amount of blood loss. At 7:55 a.m., G. A. P. was pronounced dead. A medical examiner who performed G. A. P.'s autopsy opined that G. A. P. could have survived if help had arrived earlier.

The Plaintiffs asserted claims of negligence and wrongful death, and sought punitive damages and attorney fees. The Plaintiffs alleged that the defendants acted negligently in failing to timely arrive and provide first aid to G. A. P. They alleged that this negligence resulted in G. A. P.'s wrongful death. As part of their wrongful death claim, the Plaintiffs also alleged that the defendants acted "intentional[ly]" in refusing to provide aid.

South Fulton and College Park filed motions to dismiss the complaint on the basis of deficiencies in the ante litem notices sent to each city. In the ante litem notices, the Plaintiffs had asserted a loss amount of "[a]n amount to be determined a trial, in an amount not less than $1 million." The trial court granted South Fulton's and College Park's motion to dismiss, and also their joint motion for entry of judgment under OCGA § 9-11-54 (b), and this appeal followed. This Court originally transferred this case to the Supreme Court of Georgia so that the Supreme Court could determine the proper appellate jurisdiction, and the Supreme Court transferred it back here.

1. In related claims of error, the Plaintiffs argue that the trial court erred in finding that the ante litem notices did not comply with OCGA § 36-33-5 (e).

Under OCGA § 36-33-5, a party with a claim of money damages against a municipality must first present an ante litem notice to the city. The notice must include "the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury."[2] Under subsection (e), the notice must also include "the specific amount of monetary damages being sought from the municipal

_____

[2] OCGA § 36-33-5 (b).

corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise."[3]

In accordance with this statutory language, this Court has held that an ante litem notice does not comply with OCGA § 36-33-5 (e) "unless a specific [monetary] amount is given."[4] That is because the amount must "constitute an offer that could be accepted by the municipality."[5] This Court has thus rejected ante litem notices that provide indefinite amounts, such as "not less than $10,000,000.00[,]"[6] "no less than $350,000.00 and no more than two million dollars[,]"[7] and "between $350,000 and $500,000.00."[8]

Here, the Plaintiffs' ante litem notices sought "an amount not less than $1 million." The notice[s] "indicate[ ] that the value of the claim is some unknown

---

[3] OCGA § 36-33-5 (e).

[4] (Citations and punctuation omitted.) *City of Norcross v. Johnson*, 363 Ga. App. 78, 80 (1) (870 SE2d 564) (2022).

[5] (Citations and punctuation omitted.) Id.

[6] *Brandenburg v. City of Vidalia*, 366 Ga. App. 51, 56 (1) (880 SE2d 625) (2022).

[7] *Hall v. City of Blakely*, 361 Ga. App. 135, 138 (863 SE2d 393) (2021).

[8] *City of Alpharetta v. Francis*, 366 Ga. App. 454, 457 (1) (883 SE2d 400) (2023).

number above [$1,000,000] and make[ ] no statement with regard to the amount being sought. An unknown number above [$1,000,000] is too indefinite to constitute a binding offer of settlement."[9]

The Plaintiffs contend that this case is akin to *City of Lafayette v. Chandler*, where this Court held that the ante litem notice satisfied the requirements of subsection (e).[10] However, in that case, the plaintiff sought "to recover $1,000,000.00 (one million dollars) in monetary damages"[11] — a specific amount. Here, by contrast, the Plaintiffs sought "*an amount not less than* $1 million."[12] The Plaintiffs, citing *Tobey v. Seaboard & Southern Constr. Co.*,[13] also contend that the phrase "not less than [some amount]" can constitute "a binding settlement term for an amount equal

---

[9] (Citation and punctuation omitted.) *Davis v. City of Valdosta*, 357 Ga. App. 900, 901-902 (852 SE2d 859) (2020).

[10] 354 Ga. App. 259, 261-262 (840 SE2d 638) (2020).

[11] Id. at 261.

[12] (Emphasis supplied.)

[13] 169 Ga. 104 (149 SE 914) (1929).

to said amount." But *Tobey* did not involve a settlement and is inapposite to ante litem notices.[14]

Accordingly, the trial court did not err in finding that the notices failed to comply with OCGA § 36-33-5 (e).

2. The Plaintiffs argue that OCGA § 36-33-5 (e) unconstitutionally discriminates against minors, disabled persons, and infants by not providing enough time to comply with the ante litem provisions. The Plaintiffs contend that the ante litem statute for counties, OCGA § 36-11-1, contains a tolling provision for minors and persons with disabilities, while the ante litem statute for municipalities, OCGA § 36-33-5, does not.

"As a general rule, a litigant has standing to challenge the constitutionality of a law only if the law has an adverse impact on that litigant's own rights."[15] Here, the Plaintiffs have not pled, argued, or presented evidence that they are minors or persons with disabilities such that the tolling provisions in OCGA § 36-11-1 would be

_____

[14] See id. at 112 (noting that bids for construction contracts in Texas required "that each bid be accompanied by certified check in an amount not less than 5% of the total bid, to be forfeited as liquidated damages in case the bidder refuses to enter into a proper contract").

[15] *Feminist Women's Health Ctr. v. Burgess*, 282 Ga. 433, 434 (1) (651 SE2d 36) (2007).

6

applicable to them. Nor do they meet the circumstances of third-party standing.[16]

Accordingly, the trial court did not err in finding that the Plaintiffs lacked standing to pursue this claim.

3. The Plaintiffs also contend that OCGA § 36-33-5 (e) unconstitutionally discriminates against minorities. They argue that plaintiffs only have six months to present claims against municipalities but twelve months to present claims against counties,[17] and that minorities disproportionally live in municipalities.

The Plaintiffs first raised this claim in a sur-reply brief filed almost six months after the cities' reply briefs. The trial court issued its orders dismissing the cities from the case approximately one week after the Plaintiffs' sur-reply. The court did not address this late-filed[18] argument in its orders. For a constitutional issue to be

---

[16] See id. at 434-435 (1) (adopting the federal test for third-party standing: a litigant "must have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests") (citations and punctuation omitted).

[17] Compare OCGA § 36-11-1 (providing that claims against counties must be presented to the county within twelve months) with OCGA § 36-33-5 (b) (providing that claims against municipalities must be presented within six months).

[18] See Uniform State Court Rule 6.2 ("Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the

addressed by an appellate court, it "must be clearly raised in the trial court and distinctly ruled upon there."[19]

Further, as noted by the Supreme Court in its transfer order to this Court, the Supreme Court has already rejected the Plaintiffs' other equal protection challenges to OCGA § 36-33-5's predecessor statute.[20] Accordingly, the trial court did not err in rejecting the Plaintiffs' equal protection claims.

4. The Plaintiffs argue that the trial court erred in finding that their complaint did not allege any intentional torts. They contend that these intentional tort claims were not subject to the ante litem statute.

Under OCGA § 36-33-5 (b), a plaintiff must present "the time, place, and extent of the injury, as nearly as practicable, *and the negligence which caused the injury*."[21] Pursuant to this language, the Supreme Court of Georgia has held that

---

motion, or on the date of the hearing (if one is held) whichever occurs sooner.").

[19] (Citation and punctuation omitted.) *In the Interest of E. R.*, 366 Ga. App. 323, 325 (882 SE2d 642) (2022).

[20] See *Shoemaker v. Aldmor Mgmt., Inc.*, 249 Ga. 430, 432 (291 SE2d 549) (1982); compare id. at 434 (Hill, P. J., dissenting) (arguing that the municipal ante litem statute was unconstitutional because, inter alia, "of the different times for notice as between counties and cities").

[21] (Emphasis supplied.)

OCGA § 36-33-5 applies only "to damages caused by negligence, not intentional acts."[22] For example, OCGA § 36-33-5 does not apply to claims under the Open Meetings Act[23] or the Georgia Whistleblower Act.[24]

Here, the Plaintiffs alleged as part of their wrongful death claim that the defendants "intentional[ly]" refused to provide aid.[25] But the Plaintiffs' complaint does not allege that the wrongful death was the result of any *intentional tort* by the cities. The Plaintiffs argue in their appellate brief that the cities committed an intentional tort because they were "aware of the injuries [and] they intentionally lingered and delayed the provision of aid to the victim." However, the Plaintiffs cited no case, and we could find none, where this failure to render aid constituted an intentional tort. Failure-to-render-aid claims are typically premised on negligence.[26]

---

[22] *West v. City of Albany*, 300 Ga. 743, 747 (797 SE2d 809) (2017).

[23] See OCGA § 50-14-1 et seq.

[24] See OCGA § 45-1-4; see *West*, 300 Ga. at 746-749.

[25] The Plaintiffs, citing *West*, also argue that OCGA § 36-33-5 "does not apply to wrongful death claims at all[.]" *West*, however, does not stand for that proposition. The Court in *West* addressed a claim for retaliatory discharge, not wrongful death. See *West*, 300 Ga. at 747-749.

[26] See *Flanagan v. Riverside Military Academy*, 218 Ga. App. 123, 126 (460 SE2d 824) (1995); see also *Rasnick v. Krishna Hospitality, Inc.*, 289 Ga. 565, 567 (1) (713 SE2d 835) (2011). Compare *Estate of Shannon v. Ahmed*, 304 Ga. App. 380,

Accordingly, the trial court did not err in finding that the Plaintiffs' claims were premised on negligence, and were thus subject to dismissal under the ante litem provisions of OCGA § 36-33-5. And because the Plaintiffs' punitive damages and attorney fees claims were derivative, the court did not err in dismissing those claims as well.[27]

*Judgment affirmed. Barnes, P. J., and Land, J., concur.*

---

384 (1) (696 SE2d 408) (2010) (holding that a plaintiff in a medical malpractice suit was not required to provide an expert affidavit for her wrongful death claims premised on fraud and battery, because those claims were intentional torts and not negligence).

[27] See *George v. Hercules Real Estate Svcs., Inc.*, 339 Ga. App. 843, 849 (1) (c) (795 SE2d 81) (2016); *Davis v. Johnson*, 280 Ga. App. 318, 320 (634 SE2d 108)-322 (2006).