**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

April 1, 2024

# In the Court of Appeals of Georgia

A24A0019. CITY OF CANTON v. BRANDRETH HOLDINGS, LLC et al.

BROWN, Judge.

The City of Canton ("the City") appeals the trial court's denial of its motion to dismiss the lawsuit brought by Brandreth Holdings, LLC, and Critical Path Security, LLC (collectively "Plaintiffs"), contending that because Plaintiffs failed to comply with ante litem notice requirements, their claims are barred by sovereign immunity. For the reasons set forth below, we affirm.

On appeal, we review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citation and punctuation omitted.) *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019). So construed, the record shows that in November 2021, Plaintiffs filed a complaint seeking damages for inverse condemnation against the City, alleging that the City had "failed to maintain its sewer system and failed to make necessary improvements and repairs in a timely manner" and that this failure had caused damage to Plaintiffs' property and constituted a taking for which compensation was due. According to the complaint, a sanitary sewer pipe runs underground in front of the property and has "inundated the basement of the Property for months." The City was notified of this problem in 2017, but denied liability and "declined to take any action" until 2020, when the City's investigation revealed that its sewer pipe in front of Plaintiffs' property had "separated at the joints causing leaking and draining into" Plaintiffs' basement. After discovering the leak, the City repaired its sewer pipe around September 2020. Plaintiffs also sought attorney fees and litigation expenses. The complaint asserted that "no ante litem demand is necessary pursuant to OCGA § 36-33-5 for inverse condemnation claims," citing *West v. City of Albany*, 300 Ga. 743 (797 SE2d 809) (2017).

The City filed a motion to dismiss, arguing that Plaintiffs failed to serve it with the ante litem notice required by OCGA § 36-33-5, and that though they designated their claims as ones for inverse condemnation, Plaintiffs were asserting continuing nuisance or trespass claims rooted in negligence, requiring ante litem notice. The City then amended its motion, arguing that the recently decided *City of Alpharetta v. Francis*, 366 Ga. App. 454 (883 SE2d 400) (2023), signaled that an inverse condemnation claim based on negligence requires ante litem notice. In response, Plaintiffs asserted that ante litem notice was not required because the claims giving rise to the complaint are based on the City's intentional acts. Alternatively, Plaintiffs argued that even if such notice was required, Plaintiffs provided sufficient notice of their claim in an April 2018 letter to the City's mayor.

The trial court denied the City's motion to dismiss,[1] first finding that the complaint sets forth an inverse condemnation claim, separate and distinct from the claims for nuisance and trespass. The trial court noted that "Plaintiffs acknowledge that their inverse condemnation claim originated in [the City's] negligent maintenance of its sewage system." But the trial court's order goes on to find that "[a]ccepting

---

[1] According to the trial court's order, a hearing was held on the City's motion to dismiss, but no transcript appears in the appellate record.

Plaintiffs' well-pled allegations, as the [c]ourt is required to do, Plaintiffs have alleged an inverse condemnation claim based on intentional acts of [the City] and thus OCGA § 36-33-5 is inapplicable in this case."[2] In reaching its decision, the court focused on the allegations that "the City decided to consciously and continually ignore the damage its sewer system was causing to Plaintiffs' property and to deny responsibility for a number of years." The trial court further found that this Court's decision to "remand in *Francis* does not inform the substantive question either way." The trial court certified its order for immediate review, and this Court subsequently granted the City's application for interlocutory appeal. This appeal followed.

Pursuant to OCGA § 36-33-5, the ante litem notice statute, anyone who intends to assert a claim against a municipal corporation for monetary damages arising from personal injuries or property damage must provide written notice of the claim within six months of the event on which the claim is based. OCGA § 36-33-5 (a), (b). Such notice must include "the time, place, and extent of the injury, as nearly as practicable,

---

[2] In a footnote, the trial court noted its opinion that OCGA § 36-33-5 would never apply to an inverse condemnation claim because "all claims for inverse condemnation involve the taking of property by a governmental unit, and all takings are affirmative, intentional acts." We need not decide this issue in the current case as Plaintiffs' complaint clearly alleged intentional acts.

and the negligence which caused the injury." OCGA § 36-33-5 (b). "[B]ecause the ante litem notice provision of OCGA § 36-33-5 is in derogation of common law, which did not require pre-suit notice, it must be strictly construed and not extended beyond its plain and explicit terms." *West*, 300 Ga. at 745. Accord *City of Albany v. GA HY Imports*, 348 Ga. App. 885, 888 (825 SE2d 385) (2019).

In *West*, our Supreme Court held that the municipal ante litem notice required by OCGA § 36-33-5 is limited to injuries sustained as a result of a negligent act or omission and, by its plain language, does not apply to intentional acts. 300 Ga. at 747. In reaching its conclusion, the Court explicitly overruled several cases, including *Brownlow v. City of Calhoun*, 198 Ga. App. 710 (2) (402 SE2d 788) (1991), in which this Court held that the ante litem notice statute was applicable to an inverse condemnation claim. *West*, 300 Ga. at 747, n.8. In *Shelley v. Town of Tyrone*, 302 Ga. 297, 306 (2), n.14 (806 SE2d 535) (2017), our Supreme Court reiterated that inverse condemnation suits are exempt from ante litem notice requirements.

The City contends that those cases differ from the one at hand in that they involved zoning decisions — inherently intentional acts — and differ from takings arising out of negligence. The City claims that this Court raised the possibility that

there is "no blanket exception for inverse condemnation cases" with its decision in *Francis*.

In *Francis*, the plaintiffs alleged that the city had negligently maintained its storm water drainage system, causing flooding in the plaintiffs' home; the complaint alleged that the flooding was caused by their negligent design, installation, and maintenance of a nearby drainage culvert, and set forth claims for inverse condemnation, personal injuries, trespass, nuisance, punitive damages, and attorney fees. 366 Ga. App. at 455. This Court reversed the trial court's denial of the City's motion to dismiss as to the negligence claims, finding that the plaintiff's ante litem notice was insufficient under subsection (e) of OCGA § 36-33-5. Id. at 457 (1). On appeal, the plaintiffs asserted that the ante litem requirements did not apply to their inverse condemnation claim. Because this issue was neither raised nor ruled on below, we remanded that question for initial determination by the trial court. Id. at 458 (2).

According to the City, "[i]f there was a blanket exception for all inverse condemnation cases . . . , there would be no reason for the Court of Appeals to have remanded the case to the trial court for further consideration [in *Francis*] because there would be nothing to consider." Contrary to the City's assertions, nothing in our

decision implied that ante litem notice might be required for some inverse condemnation claims. This Court simply declined to rule on an issue which was presented for the first time on appeal and which the trial court had not had the benefit of hearing and deciding.

The City also cites *Wright v. City of Greensboro*, 350 Ga. App. 685 (830 SE2d 228) (2019), in which this Court affirmed the trial court's dismissal of the plaintiffs' complaint due to insufficient ante litem notice. The plaintiffs in that case argued that they were not required to comply with OCGA § 36-33-5 based on *West* because their complaint was based on continuing nuisance, not negligence. 350 Ga. App. at 691 (1) (a). This Court explained that while "a continuing nuisance may, in some cases, be caused by a defendant's intentional acts, the . . . complaint in this case specifically alleges that the continuing nuisance at issue — the flooding of their Property by raw sewage from the City's sewage system — was caused by the City's negligence." (Emphasis omitted.) Id. at 690-691 (1) (a). We cited certain allegations in the complaint to reach this conclusion: "'[t]he [c]ity has failed to maintain [the sewage system's] manhole and the lines leading to and from it'"; "[t]he [c]ity failed to 'take any action(s) sufficient to properly maintain the manhole and keep this condition from

re-occurring'"; "'[t]his regularly repetitive nuisance condition, created by action(s) or lack of proper maintenance and management action(s) by the [c]ity, has been allowed to continue.'" Id. at 691 (1) (a). While Plaintiffs' complaint in this case contains similar allegations, there is a key difference: the complaint in *Wright* did not allege intentional conduct by the municipality, i.e., a denial of liability and a failure to act for three years after receiving notice of the sewage problem. Moreover, the complaint in *Wright* did not allege that the municipality's acts rose to the level of a taking and asserted no claim for inverse condemnation. Thus, we are unpersuaded by the City's contention that *Wright* stands for the proposition that an inverse condemnation claim based on continuing nuisance or trespass always requires ante litem notice.[3]

Given our Supreme Court's holding in *West,* as well as the allegations in Plaintiffs' complaint, and strictly construing OCGA § 36-33-5, as we must, we conclude that the municipal ante litem notice requirements are inapplicable to

---

[3] We likewise find the City's reliance on *City of Greensboro v. Rowland*, 334 Ga. App. 148 (778 SE2d 409) (2015), unpersuasive as it was decided before our Supreme Court's decision in *West*, and opinions from this Court that are in conflict with recent Supreme Court authority are not controlling. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.

Plaintiffs' claim for inverse condemnation. Accordingly, the trial court did not err in denying the City's motion to dismiss Plaintiffs' complaint on this ground.

*Judgment affirmed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*