**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 30, 2025**

# In the Court of Appeals of Georgia

A25A1298. CITY OF BLUE RIDGE et al v. BR 01035, LLC.

PIPKIN, Judge.

Appellee BR 01035, LLC sued Appellants City of Blue Ridge and certain City of Blue Ridge Officials, raising claims of trespass, continuing nuisance, inverse condemnation, and attorney fees. Appellants moved to dismiss, arguing that Appellee's ante litem notice failed to meet the requirements of OCGA § 36-33-5 (e). The trial court denied the motion but granted Appellants a certificate of immediate review of that order. This Court granted Appellants' application, and, on appeal, Appellants argue that the trial court erred by denying their motion to dismiss. We agree, and, consequently, we reverse the judgment of the trial court.

On appeal, we review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the

complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citation and punctuation omitted.) *Tanks v. Nesmith*, 359 Ga. App. 596, 596 (859 SE2d 559) (2021). So viewed, the record shows that Appellee sent an ante litem notice to Appellants alleging that the City had allowed an "ongoing water runoff issue" that had adversely affected property owned by Appellee and that the water runoff was "a daily occurrence." The notice further asserted that "[t]he actions of the City have resulted in continuing and ongoing damages in the amount of $1,500,000.00 to date." In December 2023, Appellee sued Appellants for trespass, nuisance, and inverse condemnation arising out of the water runoff problem, filing an amended complaint in February 2024.

Appellants moved to dismiss the operative complaint on the ground that Appellee's ante litem notice was insufficient because it failed to make a settlement demand or state the amount of damages sought from the City. The trial court denied the motion, concluding that the ante litem notice statute "does not necessarily require that an express demand for a specific monetary amount be made" and that the notice here properly "included a specific amount of monetary damages being sought."

Appellants contend that the trial court erred by denying their motion to dismiss because Appellee failed to identify a specific amount of monetary damages sought in its ante litem notice as required by OCGA § 36-33-5 (e). We agree.

Under OCGA § 36-33-5 (a) "anyone who intends to assert a claim against a municipal corporation for monetary damages arising from personal injuries or property damage must first provide notice of the claim." *Wright*, 350 Ga. App. at 688-689.[1] OCGA § 36-33-5 (b) requires that a claimant provide written notice of the claim to the governing authority of the municipal corporation, and such notice must include "the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." Further, "[t]he description of the extent of the injury required in subsection (b) . . . shall include the specific amount of monetary damages

[1] Appellee contends that its claims were not subject to the ante litem notice requirements of OCGA § 36-33-5 because, Appellee argues, it did not bring any claims sounding in negligence. See *West v. City of Albany*, 300 Ga. 743, 747 (797 SE2d 809) (2017) (holding that the plain language of the ante litem statute "demonstrates [that] it applies only to damages caused by negligence, not intentional acts"). However, Appellee concedes that the trial court did not rule on this issue; consequently, we will not review it on appeal. See *Pneumo Abex v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020) ("As we have repeatedly explained, this is a Court for the correction of errors of law, and if the trial court has not ruled on an issue, we will not address it. Indeed, without a ruling by the trial court on a particular issue, there is nothing for this Court to review upon appeal." (citation and punctuation omitted)).

being sought . . . [which] shall constitute an offer of compromise." OCGA § 36-33-5 (e). "It follows that a notice does not substantially comply with subsection (e) unless a specific amount is given that would constitute an offer that could be accepted by the municipality." *Harrell v. City of Griffin*, 346 Ga. App. 635, 638 (1) (816 SE2d 738) (2018). It is important to note that OCGA § 36-33-5 (e) "does not require a potential plaintiff to provide the actual dollar amount of the damages allegedly incurred, which might be difficult to quantify. Instead, the provision requires the ante litem notice to provide the specific amount of monetary damages being sought from the city, i.e., a settlement offer." (Citation and punctuation omitted.) *City of Lafayette v. Chandler*, 354 Ga. App. 259, 262 (840 SE2d 638) (2020). Indeed, this Court has explained that there is "a difference between the amount of damages incurred and the amount of damages claimed" for purposes of the ante litem notice statute. *Tanks*, 359 Ga. App. at 599.

Appellee contends that its ante litem notice complied with the requirements of OCGA § 36-33-5 (e) because it provided a finite number - i.e., $1,500,000 - and because the inclusion of the phrase "to date" provided the required definiteness in the monetary amount being sought. When viewed in the proper context, however, we

4

are not persuaded. Appellee's ante litem notice advised Appellants that the water runoff issue is "continuous and ongoing; it is a daily occurrence," that "the actions by [Appellants] are continuing and renewed each day," and that "[t]he actions by [Appellants] have resulted in continuing and ongoing damages in the amount of $1,500,000.00 to date." In other words, Appellee's ante litem notice made it clear that the damages incurred from the water runoff were continuous and ongoing. And while the ante litem notice here stated that the plaintiff had incurred "continuing and ongoing damages in the amount of $1,500,000.00 to date," it did not specify that it *sought* only $1,500,000 from the City. Instead, Appellee provided Appellants with "an open-ended estimate of potential damages" which "does not constitute a real offer of compromise which the City could have accepted as contemplated by the language and purpose of OCGA § 36-33-5 (e)." *Pickens v. City of Waco*, 352 Ga. App. 37, 44 (1) (833 SE2d 713) (2019) (holding ante litem notice seeking damages that "may exceed $300,000.00" was insufficient under OCGA § 36-33-5 (e) because the amount sought was too indefinite to constitute a binding offer of settlement); accord *City of Conyers v. Sampson*, 362 Ga. App. 301, 302-304 (868 SE2d 283) (2022) (reversing denial of motion to dismiss where ante litem notice failed to satisfy specific amount

5

requirement by stating: "The amount of the claim is $500,000.00, which Troy Sampson believes to be within the limits of insurance"); *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 294-297 (1) (834 SE2d 358) (2019) (affirming grant of motion to dismiss where plaintiff's ante litem notice failed to comply with OCGA § 36-33-5 (e) where it stated: "While our investigation is still ongoing, we believe that the value of this claim may exceed $250,000.00"). Compare *City of Lafayette v. Chandler*, 354 Ga. App. 259, 261 (840 SE2d 638) (2020) (holding that ante litem notice complied with OCGA § 35-33-5 (e) where it stated that plaintiff would "seek to recover $1,000,000.00 (one million dollars) in monetary damages").

Here, the notice failed to comply with subsection (e) because it did not provide a specific amount that would constitute a binding offer of settlement that could be accepted by Appellants. Accordingly, the trial court erred in denying the Appellants' motion to dismiss.

*Judgment reversed. McFadden, P. J., and Hodges, J., concur.*