**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11378
Non-Argument Calendar
_____

ESTATE OF DAMARION BYRD,
    as Duly anticipated administrator and
    next of kin, Chester Bryd
CHESTER BYRD,
    individually,

                        *Plaintiffs-Appellants,*

versus

SENTINEL OFFENDER SERVICES, LLC,
XYZ CORP. I-II,

                        *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-01143-TRJ
_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Chester Byrd, individually and on behalf of the Estate of Damarion Byrd, appeals the dismissal of his amended complaint against Sentinel Offender Services, LLC. The district court ruled that the amended complaint failed to state a claim for relief under Georgia law. Fed. R. Civ. P. 12(b)(6). Because approved providers of electronic pretrial release and monitoring services enjoy absolute immunity from suit for the criminal acts of the defendants they monitor, O.C.G.A. § 17-6-1.1(i), we affirm.

## I. BACKGROUND

In April 2022, Sentinel acquired an agreement with the Baldwin County Sheriff's Office to provide a program of electronic pretrial release equipment and monitoring services. The Baldwin County Sheriff's Office released Rodracious Stephens from confinement and placed him in that program. Stephens evaded the monitoring program, obtained a gun, left his home, traveled to the Byrd's home, and fired over 15 bullets into it. One bullet struck and killed Chester's then fifth-grade son, Damarion.

Byrd, individually and on behalf of his son's estate, filed a suit for wrongful death against Sentinel in state court. Sentinel removed the action to the district court based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Byrd amended his complaint, Sentinel moved to dismiss it for failure to state a claim, and the district court granted Sentinel's motion. The district court cited

*SecureAlert, Inc. v. Boggs*, 345 Ga. App. 812, 815 S.E.2d 156 (2018), and ruled that, because Georgia law establishes immunity from civil liability for providers of electronic monitoring programs for the criminal acts of the defendants that they monitor, O.C.G.A. § 17-6-1.1(i), Byrd could not state a claim for relief against Sentinel.

## II. STANDARD OF REVIEW

We review the dismissal of a complaint for failure to state a claim *de novo* and accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *McCarthy v. City of Cordele*, 111 F.4th 1141, 1145 (11th Cir. 2024). We review a district court's interpretation of a state law *de novo*. *Smith v. R.J. Reynolds Tobacco Co.*, 880 F.3d 1272, 1279 (11th Cir. 2018).

## III. DISCUSSION

Georgia law "authorizes a trial court to release a defendant from custody pending the trial of his or her case on the condition that the defendant comply with the terms and conditions [of an approved pretrial release and monitoring program]." *SecureAlert*, 815 S.E.2d at 158 (citing O.C.G.A. § 17-6-1.1(a)). To carry out this program, Georgia law "authorizes the sheriff of a county to enter into agreements with approved providers of electronic pretrial release and monitoring services." *Id.* at 158-59; *see also* O.C.G.A. § 17-6-1.1(j) ("Any person or corporation approved by the chief judge of the court and the sheriff in their discretion who meets the [specified] minimum requirements may be approved to provide electronic pretrial release and monitoring services[.]"). Neither approved providers nor the sheriff "shall be civilly liable for the

criminal acts of a defendant released pursuant to [O.C.G.A. § 17-6-1.1].” O.C.G.A. § 17-6-1.1(i); *see also SecureAlert*, 815 S.E.2d at 159 (noting the immunity provision of O.C.G.A. § 17-6-1.1(i)).

The decision in *SecureAlert* is instructive. There the survivors of an armed-robbery victim sued providers of electronic pretrial release and monitoring services who had contracted with a sheriff. 815 S.E.2d at 158. The family contended that the providers negligently failed to notify law enforcement after two defendants repeatedly violated their release terms and became untraceable. *Id.* The Georgia Court of Appeals discerned “no ambiguity in O.C.G.A. § 17-6-1.1(i),” followed “the literal language of the statute,” and ruled that the providers were shielded from civil liability for the criminal acts of the defendants. *Id.* at 162, 164.

Byrd argues that *SecureAlert* did not address “whether an entity that does not qualify as an electronic monitoring provider may still seek immunity under O.C.G.A. § 17-6-1.1.” He argues that the amended complaint “sets forth that Sentinel does not qualify as a provider because it fails to meet the basic eligibility requirements of [O.C.G.A. § 17-6-1.1(j)].” And because Sentinel failed to comply with those eligibility requirements, he argues that Sentinel is not entitled to immunity.

We disagree. The immunity provided in subsection (i) of Georgia Code section 17-6-1.1 is not conditioned on compliance with the eligibility determination required by subsection (j). The statute leaves the determination of eligibility to the “discretion” of

"the chief judge of the court and the sheriff," and any provider approved by those authorities enjoys the immunity described in subsection (i). Byrd asks us to read a conditional clause into the last sentence of subsection (i) to state that providers of electronic pretrial release and monitoring services like Sentinel are immune from suit only when they comply with the minimum requirements outlined in subsection (j). Yet, subsection (i) contains no limiting clause, and we "discern no ambiguity in O.C.G.A. § 17-6-1.1(i)." *SecureAlert*, 815 S.E.2d at 163. We assume that the Georgia General Assembly "meant what it said and said what it meant," and intended to shield providers like Sentinel from suit for the criminal acts of the defendants they monitor. *West v. City of Albany*, 300 Ga. 743, 745 797 S.E.2d 809, 811 (2017).

## IV. CONCLUSION

We **AFFIRM** the dismissal of Byrd's amended complaint.